JAMES H. DUNGAN vs. THE WILMINGTON CITY RAILWAY COMPANY, a corporation of the State of Delaware.

*Action for damages for loss and injury to property—Wearing apparel of plaintiff's wife—Married woman's act—Evidence— Negligence of railway company ; Of traveler ; Of plaintiff's wife—Concurrent Negligence— Use of public streets—Care at crossings—Damages.*

1.  In an action against a railway company to recover damages for loss and injuries to plaintiff's property, he has the right, under the law of this State, to prove, as a part of his damages, the value of his wife's dress shown to have been destroyed.

2.  The company and the public have the right to use the streets of the city, and the rights of each must be exercised with due regard to the rights of the other, and in a reasonable and careful manner so as not unreasonably to abridge or interfere with the rights of the other.

3.  Negligence on the part of the motorman of the colliding car would be the negligence of the defendant company ; and negligence on the part of the plaintiff's wife, the driver of the carriage which was struck, would be negligence of the plaintiff. In the joint use of a public street by ordinary vehicles and electric cars, those in charge of each are required to exercise due and proper care to avoid collisions.

4.  In approaching the crossing of a street in general use by the public, increased care should be exercised by the person in charge of the car. He should give due and timely warning of his approach, and if the view is obstructed, his care and diligence should be increased in proportion to such conditions.

5.  A person in charge of a vehicle approaching a railway crossing is bound to the reasonable use of his senses for the prevention of accident, and of such reasonable caution as ordinarily careful persons would exercise in like circumstances.  A person approaching a railway crossing with which he is familiar is bound to avail himself of his knowledge of the locality and act accordingly.  If his line of vision is unobstructed he is bound to look for approaching cars, and if obstructed he should exercise increased care and caution in proportion to such conditions.  The motorman of the car, and the driver of the carriage, have each the right to presume that the other will act as a reasonable person would act under all the circumstances of the occasion, until the contrary appears.

6.  If the injury complained of was caused by concurrent negligence of both parties, the plaintiff would be guilty of contributory negligence and *could not* recover, as the law in such case does not weigh and balance the degree of negligence or responsibility attributable to each party.

(*December 4, 1903.*)

LORE, C. J., and SPRUANCE and GRUBB, J. J., sitting.

*Howell S. England* for plaintiff.

*Walter H. Hayes* and *George N. Davis* for defendant.

Superior Court, New Castle County, November Term, 1903.

ACTION ON THE CASE (No. 54, November Term, 1902), to recover damages for loss and injuries to the plaintiff's horse, carriage and certain other property, alleged to have been caused by the negligence of the defendant company.

The facts appear in the charge of the Court.

The plaintiff was sworn, and, after enumerating his various items of loss, was asked by his counsel, if there were any articles of clothing destroyed, and replied, " Yes, my wife ruined a dress."
Q. Whose dress was that?   A. My wife's dress.
Q. Bought for her by you ?   A. Yes, sir.
Q. How much was it worth ?

(Objected to by counsel for defendant on the ground that this being a suit by the husband he could not recover for damage to his wife's property.)

*Mr. England,* for plaintiff, contended that the testimony was admissible.    The objection was sustained, but the Court afterwards stated, at the request of Mr. England, that they would hear argument upon the matter.    Mr. England thereupon presented the following brief in support of the admissibility of the evidence.

### BRIEF.

The title of the husband to the wearing apparel purchased by his wife with his money is sufficient to enable him to recover damages for the injury or destruction of said apparel.

*Smith vs. Abair, 87 Mich., 62 ; State vs. Hays, 21 Ind., 288 ; Hawkins vs. Railroad Co., 119 Mass., 596 ; Curtis vs. Railroad Co., 74 N. Y., 116 ; Pratt vs. State, 35 Ohio St., 514.*

The real and personal property of any married woman which has been heretofore acquired, is now held, or which she may hereafter acquire in any manner whatsoever from any person *other than her husband* shall be her sole and separate property.    *Chapter 550, Vol. 14, Laws of Delaware, Sec. 1, Revised Code (1893), 600.*

*State vs. Dredden, 1 Marv., 522 ; Vincent vs. Ireland, 2 Pennewill, 580.*

(Counsel for defendant then stated that they were willing to admit that the plaintiff had the right under the married woman's act of this State, to prove, as a part of his damages, the value of the wife's dress.    The plaintiff was then allowed by the Court to go upon the stand and give evidence upon the above point.)

SPRUANCE, J., charging the jury :

Gentlemen of the jury :—This action was brought by James H. Dungan, the plaintiff, against The Wilmington City Railway Company, the corporation defendant, to recover damages for loss and injury of the plaintiff's horse, carriage and certain other prop-

erty, alleged to have been caused by the negligence of the defendant company.

On the tenth or eleventh of September, 1902—the precise day being immaterial—the carriage of the plaintiff, driven by his wife, was going easterly on Chestnut Street, and an electric car of the defendant was going southerly on Monroe Street, when a collision occurred between said car and carriage at the junction of the said streets.

The plaintiff claims that the driver of the carriage was exercising due care and diligence, and that the collision was occasioned solely by the negligence of the servant of the defendant in charge of the car, which the plaintiff alleges was running at a high and dangerous speed, and without due and timely notice or warning of its approach by bell, gong, or otherwise.

The defendant claims that the car was running at a moderate and proper speed, that due and timely warning of its approach was given by ringing its bell or gong,—that the motorman was competent for the service in which he was engaged, and that he made every effort in his power to stop the car as soon as the carriage was discovered, and that he exercised due and proper diligence, and that the collision was not caused by the negligence of the defendant or its servant, but was caused solely by the negligence of the driver of the plaintiff's carriage.

Chestnut and Monroe Streets are public streets of the city of Wilmington. The defendant company has the right to use Monroe Street for the operation of its railway thereon, and the public have the right to use both of the said streets for the ordinary purposes of a public highway.

The right of each must be exercised with due regard to the right of the other, and the right of each must be exercised in a reasonable and careful manner so as not unreasonably to abridge or interfere with the right of the other.

There can be no recovery in this case unless the injury to the

plaintiff's property was occasioned by the negligence of the defendant company.

Negligence is the failure to use such care as a reasonably prudent and careful person would exercise under similar circumstances.

Negligence on the part of the motorman of the colliding car would be the negligence of the defendant company ; and negligence on the part of the plaintiff's wife, the driver of the carriage, would be the negligence of the plaintiff.

Negligence is not presumed, but must be proved, and the burden of proving it is upon the party by whom it is alleged.

In the joint use of a public street by ordinary vehicles and electric cars, those in charge of each are required to exercise due and proper care to avoid collisions.

What is due and proper care depends upon the facts and circumstances of each case. Where there is more than ordinary danger, a proportionate increase of care and diligence is required of both.

In approaching the crossing of a street in general use by the public, increased care should be exercised by the person in charge of the car to avoid collision with persons or vehicles who may be traveling on such street.

He should not approach such crossing at a dangerous speed or without giving due and timely warning of his approach ; and if his view or the view of travelers on the street he is approaching, is obstructed by buildings, fences or otherwise, his care and diligence should be increased in proportion to such conditions. If he fails to use the care and diligence which is reasonable under the circumstances, the company is guilty of negligence.

A person in charge of a vehicle approaching a railway crossing is bound to the reasonable use of his senses for the prevention of accident, and also to the exercise of such reasonable caution as ordinarly careful and prudent persons would exercise in like circumstances.

A person approaching a railway crossing with which he is

familiar is bound to avail himself of his knowledge of the locality and act accordingly. If as he approaches the crossing his line of vision is unobstructed he is bound to look for approaching cars, and and if his line of vision is obstructed he should exercise increased care and caution in proportion to such conditions.

The motorman and the driver of the carriage had each the right to presume that the other would act as a reasonable person, under all the circumstances of the occasion, until the contrary appeared.

If the injury to the plaintiff's property was caused by the negligence of the defendant's servant, without negligence on the part of the driver of the plaintiff's carriage, your verdict should be for the plaintiff; but if such injury was caused by the concurrent negligence of both parties, the plaintiff would be guilty of contributory negligence, and your verdict should be for the defendant, as the law in such case does not weigh and balance the degree of negligence or responsibility attributed to each party.

Your verdict should be for that party in whose favor is the preponderance or greater weight of the evidence.

If your verdict should be for the plaintiff it should be for such sum as will compensate him for the injury to his property as shown by the evidence.

Verdict for defendant.