FRANCESCO RICCIO *vs.* PEOPLES RAILWAY COMPANY, a corporation of the State of Delaware

1. STREET RAILROADS—RIGHT TO USE STREET.

   The rights of a street car company and of a pedestrian to use the street must be exercised by each in a reasonable and careful manner, so as not to unreasonably interfere with the rights of the other.

2. STREET RAILROADS—INJURIES—NEGLIGENCE.

   A pedestrian cannot recover for injuries by being struck by a street car, unless the company was guilty of negligence.

3. NEGLIGENCE—DEFINITION.

   Negligence is the failure to use such care as a reasonably prudent person would exercise under similar circumstances.

4. STREET RAILROADS—NEGLIGENCE—RES IPSA LOQUITUR.

   The mere fact that a pedestrian was struck by a street car does not, of itself, raise the presumption of negligence.

5. NEGLIGENCE—BURDEN OF PROOF.

   The burden of proving negligence is upon plaintiff.

6. STREET RAILROADS—INJURIES—NEGLIGENCE—BY EMPLOYER.

   Negligence of a motorman in running a street car is imputable to the company.

7. STREET RAILROADS—INJURIES—NEGLIGENCE—DUTY OF MOTORMAN.

   A motorman must use reasonable diligence, depending upon the particular circumstances, to prevent an accident, and his failure to do so is negligence.

8. STREET RAILROADS—INJURIES TO PEDESTRIAN—NEGLIGENCE.

   A motorman and pedestrian each could assume that the other would act as a reasonably prudent person until the contrary appeared.

9. STREET RAILROADS—INJURIES.

   Increased danger of a street car striking a pedestrian, in view of the particular circumstances, requires an increase of diligence commensurate with the danger.

10. STREET RAILROADS—INJURIES—CONTRIBUTORY NEGLIGENCE.

   A pedestrian would be guilty of contributory negligence, barring recovery, if struck by a street car because of his own negligence, or of the concurring negligence of himself and its employees.

11. STREET RAILROADS—INJURIES—CONTRIBUTORY NEGLIGENCE.

   A pedestrian near street car tracks must use reasonable care to discover and avoid approaching cars, and is negligent if he fails to use his senses so as to avoid injury.

12. STREET RAILROADS—INJURIES—INEVITABLE ACCIDENT.

   A pedestrian, who moved from a position of safety near a street car track so suddenly that it was impossible to stop the car before striking him, cannot recover for his injury.

Syllabus.

13. Street Railroads—Injuries—Contributory Negligence—Last Clear Chance.

Though a pedestrian negligently stood near a street car track in a position of danger at the time he was struck, if the motorman by the exercise of reasonable care could have seen him in time to have avoided the accident, he was negligent if he failed to do so.

14. Street Railroads—Negligence.

If street car employees were not exercising reasonable care when a pedestrian was struck, resulting in his being struck by the car so suddenly that he placed himself in a position of peril without his own fault, he could recover for resulting injuries.

15. Street Railroads—Injuries—Contributory Negligence.

If street car employees exercise due care in running the car upon approaching a pedestrian, and he in stooping placed a part of his body against the side of the car, so as to be struck or otherwise come in contact with it, the company would not be liable for resulting injuries.

16. Evidence—Weight of Evidence—Positive Evidence.

Positive testimony is entitled to greater weight than negative testimony, especially if the latter be not accompanied by circumstances showing an attentive attitude by the witness.

17. Trial—Duty of Jury—Weighing Evidence.

It is the duty of the jury to reconcile conflicting evidence, if possible, and, if not, to give credence to the testimony of those witnesses who under the circumstances appear most trustworthy, considering their opportunities for knowing the things testified to, as well their demeanor, intelligence, and other *indicia of* truthfulness.

18. Negligence—Weight.

The jury should find in a personal injury action for the party in whose favor the preponderance or greater weight of the evidence is.

19. Damages—Measure—Personal Injuries.

Plaintiff, in an action for personal injuries, can recover such sum as will reasonably compensate him for resulting injuries, including past pain and such suffering as may result in the future, as well as for loss of wages, medical expenses, and reasonable compensation for permanent impairment of future earning ability, if any.

(*March* 21, 1912.)

Judges Boyce and Conrad sitting.
*Leonard E. Wales* for plaintiff
*Robert H. Richards* for defendant
Superior Court, New Castle County, March Term, 1912.

Action on the Case (No. 61, April Term, 1911) to recover damages for personal injuries to the plaintiff, engaged in laying a gas pipe, alleged to have been occasioned by the negligence of the defendant company in operating its cars on Second Street between

Adams and Monroe streets, in the City of Wilmington, on the fourth day of May, A. D. 1911.

The facts appear in the charge of the court.

At the trial when the plaintiff had rested, counsel for defendant moved for a nonsuit upon the ground that no negligence had been proved on the part of the defendant, and contended that there was no evidence to support any of the allegations of the five counts of the plaintiff's declaration; that the only allegation with respect to which any evidence had been introduced was the allegation of failure to give the plaintiff proper warning of the approach of the car. Upon that point the plaintiff and six witnesses gave testimony that they did not hear the motorman ring the bell or give any warning or signal of the approach of the car; but none of them, however, testified positively that no warning was given.

Wales, for plaintiff, contended that the testimony of the witnesses upon the point mentioned was sufficient to go to the jury, and furthermore that there was testimony showing that the plaintiff was close enough to the track to be hit and knocked down by the car, and was, therefore, in a position of danger; and the evidence to the effect that the car did not stop until after the plaintiff was hit was a matter to be submitted to the jury to decide whether or not the servants of the defendant were negligent in colliding with the plaintiff.

The stenographic report of the testimony of the several witnesses upon the point, whether warning of the approach of the car by bell was given, disclosed that the contention of counsel for the defendant as to the character of said testimony was correct, none of the witnesses testifying positively that the bell was *not* rung.

Boyce, J., delivering the opinion of the court:

We have considered the question before the court as carefully and fully as we could in the limited time we have had; and our conclusion is that in view of the proximity of the several witnesses to the scene of the accident, we think the weight and value of their testimony, respecting any warning of the approach of the

car to the place of the accident should be left to the jury; and we decline to grant the nonsuit.

BOYCE, J., charging the jury:

Gentlemen of the jury:—This action was brought by Frangesco Riccio, the plaintiff, against the Peoples Railway Company, the defendant, to recover damages for personal injuries alleged to have been occasioned by the negligence of the defendant company, in operating its cars on Second Street, between Adams and Monroe streets, in this city, on the fourth day of May, A. D. 1911.

The plaintiff claims that on the day of the alleged accident, he, with other employees of the Wilmington Gas Company was engaged in laying a gas pipe on the north side of the tracks of the defendant, in said Second Street near Adams Street; that he was at and immediately before the accident working at a tool box, about four feet away from the northerly rail of the defendant company; that he did not hear the approach of the car or any warning of its approach, either by bell or otherwise; and that he was negligently struck by a car of the defendant company moving in an easterly direction.

The defendant claims that its servants gave timely warning by bell of the approach of its car before and after crossing Adams Street; that the car was moving at a moderate and proper rate of speed; that its servants were in the exercise of due and proper caution; and that the injuries complained of were not caused by the negligence of the servants of the company, but were caused solely by the negligence of the plaintiff in coming in contact with the car without the fault or negligence of the servants of the company, and the defendant denies any and all liability for the alleged injuries.

[1] West Second Street is a public street of the City of Wilmington. The defendant company has a right to use said street for the operation of its railway thereon. And the plaintiff had the right to use the said street for the ordinary purposes of a public highway, including the business in which he was engaged, exercised in a reasonably careful and cautious manner. The right of each must be exercised with due regard to the right of the other,

and the right of each must be exercised in a reasonable and careful manner so as not unreasonably to abridge or interfere with the right of the other. *Dungan v. Wil. City Ry. Co.*, 4 *Penn.* 461, 58 *Atl.* 868.

The defendant company of necessity, in the operation of its cars, could only use those parts of the street covered by their tracks within fixed limits, and for such purpose it had a right to use the said street at the place and time of the accident in common with other travelers and persons who saw fit to use it in any lawful manner.

[2, 3]   There can be no recovery in this case unless the injury to the plaintiff was occasioned by the negligence of the defendant company.   Negligence is the failure to use such care as a reasonably prudent person would exercise under similar circumstances.

[4]   The mere fact of an accident by which an injury is sustained, if not within the control of the defendant, does not, in itself, raise a presumption of negligence.   *Queen Anne's R. R. v. Reed*, 5 *Penn.* 231, 59 *Atl.* 860, 119 *Am. St. Rep.* 301.

[5, 6]   The burden of proving negligence, as attributable to the defendant, rests always upon the plaintiff.   Negligence on the part of the motorman, if shown to the satisfaction of the jury, would be the negligence of the defendant.

Your inquiry in this case, under the evidence, is narrowed to the questions whether the injuries complained of were caused by the negligence of the servants in charge of the car of the defendant in not giving due and proper warning of the approach of the car by bell or otherwise, and whether the servants were at and immediately before the accident in the exercise of due and reasonable care and caution.

[7]   It is the duty of the motorman in the management of his car to use reasonable diligence to prevent accident and his failure to do so would constitute negligence.   The degree of diligence required depends upon the particular circumstances of each case.

[8, 9]   The motorman of the car and the plaintiff each had the right to presume that the other would act as a reasonable

person under all the circumstances, until the contrary appeared. If there exists an increase of danger by reason of the particular circumstances, an increase of diligence commensurate with the danger is required of both.

[10]  If the injury complained of was occasioned by the negligence of the plaintiff, or by the concurrent negligence of both the plaintiff and the servants of defendant, in that case the plaintiff would be guilty of contributory negligence and could not recover.

[11]  A pedestrian who is in close proximity to the tracks of a street railway company upon which cars are running is bound to the exercise of a reasonable use of his senses to discover and avoid approaching cars, and if he fails to exercise such use of his senses and as a result thereof is injured, he is guilty of contributory negligence, and if such negligence was the proximate cause of his injury, he cannot recover.

[12]  If the plaintiff moved from a position of safety to a position of danger near or upon the track of the railway on which the defendant's car was running so suddenly as to make it impossible for defendant to stop its car before the collision, the defendant cannot be held liable for the resulting injury to plaintiff. *Heinel v. Peoples Ry. Co.*, 6 *Penn.* 428, 67 *Atl.* 173.

[13]  If the plaintiff was negligently standing near the defendant's track, in a position of danger, at and before the time of the accident, yet if the motorman saw, or by the reasonable use of his senses could have seen, the plaintiff standing in a dangerous position, in time to stop the car and avoid the accident, it was his duty to do so, and if he failed to do so, the company would be liable. *Heinel v. Railway Co., supra.*

[14]  If the jury should find that the servants of the defendant were not at the time of the accident in the exercise of reasonable care and caution, and that by reason thereof the plaintiff suddenly and without time or opportunity for reflection placed himself in a position of peril, and without fault or negligence on his part, operating at the time of the accident, he would be entitled to recover.

[15]   If the jury should believe from the evidence that the servants of the defendant approached the plaintiff with the car in the exercise of due care and caution, and after reaching the place where the plaintiff was working, or after a part of the car had passed him, the plaintiff either by stooping protruded a portion of his body against the side of the car and was thus struck and pushed or pulled down by the car, or that he stepped backward or otherwise moved so that he came in contact with the side of the car and was thus pushed down and injured, the defendant would not in such event be guilty of negligence and the plaintiff could not recover for his injuries received in consequence thereof.

You have the testimony of witnesses who say that they did hear a warning given of the approach of the car, and the testimony of witnesses who say that they did not hear a warning given.

[16]   Positive testimony is entitled to greater weight than negative testimony, especially if the latter should be unaccompanied by facts and circumstances showing an attentive attitude of the witnesses respecting the matter to which they testified. Whether the motorman did or did not give warning of the approach of the car, you should determine from a preponderance of the evidence, under all the facts and circumstances before you respecting the question

[17, 18]   Where the testimony is conflicting, it is the duty of the jury to reconcile it, if they can; if they cannot, they should give credit to the testimony of those witnesses who under all the circumstances appear to them to be most entitled to credit, taking into consideration the opportunities and advantages of each for seeing, observing and knowing the things of which they testify, as well as their apparent fairness, intelligence and any other element which may fairly test the truthfulness and accuracy of each.    And your verdict should be for that party in whose favor is the preponderance or greater weight of the testimony.   *Hearn et al. v. Railway Co.*, 1 *Boyce*, 271, 280, 76 *Atl.* 629.

[19]   If you should find for the plaintiff, your verdict should be for such sum as will reasonably compensate him for his injuries resulting from the accident, including therein his pain and suffer-

ing in the past, and such as may come to him in the future from his injuries, also for loss of wages, expenses for medical attendance and other necessary expenses in seeking to cure himself or treating his injuries, and reasonable compensation for any permanent impairment of ability to earn a living in the future, if any is disclosed by the evidence.   *White v. Railway Co.*, 6 *Penn.* 105, 115, 63 *Atl.* 931.

· Verdict for plaintiff.