THOMAS SEININSKI *vs.* WILMINGTON LEATHER COMPANY, a corporation of the State of Delaware.

1. EVIDENCE—OPINION EVIDENCE.

A question to a witness in an employee's action for personal injuries, "Was or was not that machine on the day of the accident a dangerous machine?" will be excluded as a matter of opinion.

2. MASTER AND SERVANT—INJURIES—EVIDENCE—CONFORMITY TO PLEADING.

Where plaintiff's narr. in an action for personal injuries while working on a machine contained no allegation as to any defective design of the machine, a question as to whether a wooden cover was the regular covering furnished for the knife cylinder of the machine was properly excluded.

3. EVIDENCE—OPINION EVIDENCE.

A question, in an employee's injury action for personal injuries while working at a machine, whether it was possible for any one working at such machine for some days not to know that there was a knife or other cutting instrument in the machine, was properly excluded as calling for a matter which was for the jury.

Syllabus.

4. MASTER AND SERVANT—INJURIES—ADMISSION OF EVIDENCE.

In a leather factory employee's action for personal injuries by coming in contact with knives in a machine, the maker of the machine was properly allowed to answer a question, after striking the quoted word, as to whether a circular cover over the knife cylinder has any other "intended" purpose in connection with the construction and operation of the machine than to protect the operator from becoming blinded by the particles flying from hides or skins.

5. EVIDENCE—EXCLUSION OF SIMILAR EVIDENCE.

A question as to whether there was any hidden or obscure danger about a machine on which an employee was working when injured was properly excluded, where plaintiff was not permitted to show that the machine was dangerous.

6. EVIDENCE—OPINION EVIDENCE—QUESTION FOR JURY.

A question, asked in a leather factory employee's action for personal injuries by coming in contact with knives on his machine, as to whether there was any special warning or instructions that could be given to a catcher of skins working at the machine which would not be obvious to one of mature judgment, was properly excluded as calling for a matter which was for the jury.

7. TRIAL—VIEW BY JURY—PROPRIETY.

In determining whether the jury should be given a view of the premises where an employee was injured, the court must find that a view is necessary to the just decision of the issues, and that the place to be viewed has not been changed since the accident.

8. MASTER AND SERVANT—INJURIES—BURDEN OF PROOF—NEGLIGENCE.

An employee has the burden of proving negligence in an action for personal injuries; negligence never being presumed.

9. MASTER AND SERVANT—INJURIES—WEIGHT OF EVIDENCE—NEGLIGENCE.

Negligence by an employer must be proved to the satisfaction of the jury by a preponderance of the evidence.

10. NEGLIGENCE—DEFINITION.

Negligence is the want of due care; that is, of such care as an ordinarily prudent man would exercise under the same or similar circumstances.

11. MASTER AND SERVANT—CONTRIBUTORY NEGLIGENCE.

An employee must himself have been without negligence proximately contributing to the injury in order to recover therefor from the employer.

12. MASTER AND SERVANT—INJURIES—WEIGHT OF EVIDENCE—CONTRIBUTORY NEGLIGENCE.

Contributory negligence by an employee must be proved by a preponderance of the evidence.

13. MASTER AND SERVANT—BURDEN OF PROOF—CONTRIBUTORY NEGLIGENCE.

The burden of proving contributory negligence is upon the employer in an action for a servant's injury.

14. MASTER AND SERVANT—MASTER'S DUTY—FURNISHING SAFE APPLI-
ANCES.

The employer is only bound to furnish an employee reasonably safe tools,
machinery, and appliances, and keep them in reasonably good repair, and
they need not be the safest or most approved.

15. MASTER AND SERVANT—ASSUMED RISK—DEFECTIVE APPLIANCES.

An employee may rely on the employer to furnish safe appliances without
inquiry on his part, and assumes no risk of injury from the employer's failure
to do so.

16. MASTER AND SERVANT—ASSUMED RISK—KNOWN DANGERS.

An employee assumes the ordinary risks incident to the employment,
which are obvious, or which may be known by the employee by the reasonable
use of his senses, or the exercise of ordinary care.

17. MASTER AND SERVANT—ASSUMED RISK.

One undertaking a dangerous employment assumes the risks ordinarily
incident thereto, as well as those incurred from manifest dangers.

18. MASTER AND SERVANT—ASSUMED RISK—DANGER FROM INEXPERIENCE.

A master may assume, in the absence of contrary knowledge, that a ser-
vant who engages to do specific work has the knowledge, experience, and skill
necessary to do it in a reasonably safe manner, especially if the servant holds
himself out as being experienced in such work.

19. MASTER AND SERVANT—ASSUMED RISK.

The rule that an employer may assume that an employee engaging to
do particular work is competent and skillful does not apply, if the servant
engages to work generally and is directed by the master to do particular
work without holding himself out as experienced thereat.

20. MASTER AND SERVANT—MASTER'S DUTY—WARNING SERVANT—INEX-
PERIENCED SERVANT.

If the employment is dangerous, the employer must warn and instruct
as to its dangerous character, if the servant because of his inexperience or
ignorance has no knowledge thereof.

21. MASTER AND SERVANT—WARNING SERVANT—EXTRAORDINARY DAN-
GERS.

A master is bound to warn even an experienced servant of any special
or extraordinary danger connected with the employment, if it could not have
been known by the servant by the reasonable exercise of due care.

22. MASTER AND SERVANT—BURDEN OF PROOF—ASSUMED RISK.

The burden of proving that an employee had knowledge of the particu-
lar defect in a machine at which he worked was upon the employer in an
action for personal injuries.

23. MASTER AND SERVANT—DELEGATION OF DUTY.

An employer cannot delegate his primary duties, such as that of furnish-
ing reasonably safe appliances, etc.

24. MASTER AND SERVANT—CONTRIBUTORY NEGLIGENCE.

An employee must exercise reasonable care to learn of the dangers in the
course of his employment, and cannot recover for resulting injuries if he
fails to do so.

25. MASTER AND SERVANT—ASSUMED RISK—OBEYING MASTER'S ORDERS.

An employee need not obey his employer's orders, directing him to go in a dangerous place of work, if the employee, by exercising reasonable care, might have known of the danger of the place, and he cannot recover for his own injuries if he obeys such orders.

26. MASTER AND SERVANT—SCOPE OF EMPLOYMENT.

If a leather factory employee, injured while working at a hide machine, undertook the work of catching the skins as they passed through the machine of his own motion, or at the suggestion of one other than the employer's agent having authority to give him such orders, he was acting without the scope of his employment in doing the work, and cannot recover for injuries received.

27. MASTER AND SERVANT—ASSUMED RISK.

If a leather factory employee was furnished a machine which was reasonably safe and adapted to its use, and the dangers incident to its use were obvious to one of average intelligence and judgment, such employee would assume the risk incident to doing the work.

28. MASTER AND SERVANT—CONTRIBUTORY NEGLIGENCE.

If an employee knew, or by due diligence could have known, of the defects in a machine at which he was injured, and of the resulting dangers, he was negligent in continuing to work at it, barring recovery.

29. MASTER AND SERVANT—ASSUMED RISK—KNOWN DANGERS.

An employee cannot recover for injuries from a defect in a machine of which he knew, and the danger from which he appreciated, if he continued to work with such knowledge.

30. MASTER AND SERVANT—WARNING SERVANT.

An employer is not required to warn or instruct an employee as to the dangers which are matters of common knowledge, or which may be seen by common observation, or as to which the servant could not have been further enlightened.

31. MASTER AND SERVANT—CONTRIBUTORY NEGLIGENCE.

If an employee, working in a leather factory on a hide machine, knew of two or more ways of removing the skins from a roller, one of which was safe and the other dangerous, he would be guilty of contributory negligence if he voluntarily chose the dangerous way.

32. MASTER AND SERVANT—NEGLIGENCE—EVIDENCE—EXISTENCE OF INJURY.

The jury cannot infer negligence by an employer by the mere fact that an employee was injured while working at a machine; a breach of the employer's duty being essential.

33. MASTER AND SERVANT—ASSUMED RISK—ACTING WITHOUT SCOPE OF EMPLOYMENT.

An employee assumes the risk of injuries received while acting without the scope of his employment, without his employer's orders.

34. MASTER AND SERVANT—ASSUMED RISK—VIOLATING WARNING.

An employee assumes the risk of injury from doing something he was warned by his superiors not to do.

Statement—Evidence.

**35. MASTER AND SERVANT—INJURIES—PROOF.**

An employee cannot recover if his injuries were received from some defect in a machine other than that alleged and proved.

**36. DAMAGES—MEASURE—PERSONAL INJURIES.**

Upon finding for an injured servant, the jury should award him such sum as will reasonably compensate him for his injuries, including his pain and suffering in the past, and such as may result in the future, as well as for loss of time and wages, and any impairment of his future ability to earn a living by reason of the injuries.

(*June 2, 1911.*)

PENNEWILL, C. J., and BOYCE and WOOLLEY, J. J., sitting.

*Robert H. Richards* and *Daniel O. Hastings* for plaintiff.

*J. Harvey Whiteman* for defendant.

Superior Court, New Castle County, May Term, 1911.

(Same case on demurrer to second and third counts of declaration. Overruled. *Ante*, also 78 *Atl.* 296.)

ACTION ON THE CASE (No. 24, May Term, 1910), to recover damages for personal injuries to the plaintiff occasioned by his left arm coming in contact with the knives of a fleshing machine in defendant's morocco plant, where plaintiff was employed at the time as a catcher of skins at said machine, whereby his arm was so injured that it had to be amputated at the elbow.

Further facts in charge of court.

At the trial, the following questions were objected to and ruled upon.

One of the plaintiff's witnesses who had worked ten years on a fleshing machine, was asked, concerning the machine on which plaintiff was injured, "Was or not that machine, on the day of the accident, a dangerous machine?" This was objected to by defendant as a matter of opinion. Objection sustained. The same witness was then asked, "You say that there was a wooden cover over the knife cylinder of this machine; was that the regular covering furnished with these machines?" Objected to by counsel for defendant as irrelevant, there being no allegation in plaintiff's narr. covering defective design. Objection sustained.

The same witness was asked on cross examination the following question: "X. Is it possible for any one working at a

fleshing machine for some days to fail to know that there is some sort of cutting instrument in the machine?" Objected to by counsel for defendant as being a matter for the jury to determine and not for the witness. Objection sustained.

"X. You have described this operation in detail. You have stated that you had nine years and more experience in this particular factory, and that you had operated fleshing machines elsewhere. I will ask you if it is possible for a man twenty-one years or more of age, with good eyesight and good hearing, working as a catcher at a fleshing machine, having worked there for several days, to fail to know that there is a knife in the cylinders underneath the wooden guard which is over the knife cylinders?" Objected to by counsel for plaintiff on the same ground. Objection sustained.

E., who was the maker of the machine in question, was asked by defendant's counsel, the following questions:

"Q. What is the purpose of the circular cover over the knife cylinder?

"A. To protect the operator from getting blinded by the particles of flesh and water which come from working on green hides or skins."

"Q. Has it any other intended purpose in connection with the construction and operation of the machine?" Objected to by counsel for plaintiff. The form of the question being changed by striking out the word "intended", the question was allowed by the court.

"Q. Is there any hidden or obscure danger of any kind about this machine?" Objected to by counsel for plaintiff because the plaintiff had not been permitted to introduce testimony tending to show that the machine was a dangerous machine. Objection sustained.

"Q. Is there any special warning or instruction that could be given to a catcher of skins working at the machine in question that would not be obvious to a person of mature judgment at a glance?" Objected to by counsel for plaintiff as a matter for the jury to determine from all the facts and circumstances in the case. Objection sustained.

At the conclusion of the defendant's testimony, application was made by defendant's counsel for an order that the jury view the *locus in quo*.

PENNEWILL, C. J.:—Counsel for defendant has made an application for an order for the jury to view the *locus in quo* in this case. Judge Woolley in his work on *Delaware Practice, Volume* 1, § 673, says: "The statute provides that 'upon the motion of either party the jury may be taken to view the premises or places in question, or to which the controversy relates, when it shall appear to the court that such view is necessary to a just decision.' Upon an application for a view of the place in which or by which the cause of action arose, or to which it in some pertinent manner relates, two things must be shown to the court's satisfaction before it will order a view; first, that such a view is necessary to a just decision of the issues before the jury, and second that the place, or *locus in quo* remains the same and has undergone no change."

We have considered the defendant's application, and are clearly of the opinion that the *locus in quo*, the condition of the machine in question, the buildings and the lights, cannot be sufficiently identical or similar to the conditions as they existed on the day of the accident, to justify the court in ordering a view by the jury.

The application therefore is denied.

PENNEWILL, C. J., charging the jury:

Gentlemen of the jury:—Thomas Seininski, the plaintiff, is seeking in this action to recover from the Wilmington Leather Company, the defendant, damages for personal injuries which he alleges were caused by the negligence of the defendant on the fourteenth day of January, 1910, at its leather factory in the City of Wilmington, where the plaintiff was at the time employed in catching skins from a fleshing machine.

The plaintiff's declaration consists of three counts. In the first count it is averred that the defendant on the fourteenth day of January, 1910, negligently and carelessly furnished and operated in its leather factory a certain machine, known as a fleshing

machine, which was out of order, defective and dangerous in that the cover or guard over the rollers or knives of said machine was broken, defective, dangerous and out or order, whereby the plaintiff, who was then and there directed to work on the machine, and ignorant of the risk and danger incident thereto, and in the exercise of due care and caution on his part, had one of his arms caught in the said machine and greatly injured and mangled.

In the second count it is averred that the defendant on the day aforesaid, well knowing that the plaintiff was inexperienced in the occupation to which he was then put by the defendant, to wit, taking skins from a certain fleshing machine which was defective and dangerous, negligently and carelessly omitted to warn or instruct the plaintiff as to the danger connected with the said occupation, whereby the said plaintiff was injured.

In the third count it is averred that the defendant, who had employed the plaintiff in general duties about the defendant's place of business, the same being a safe and secure occupation, on the day aforesaid negligently and carelessly placed the plaintiff at work upon a certain fleshing machine, the same being a dangerous employment, without giving to the plaintiff any instruction or warning in relation thereto, the defendant well knowing that the plaintiff was ignorant of the risk and danger connected therewith.

Such are the acts of negligence on the part of the defendant company, which the plaintiff has averred as the cause of his injuries, and upon which he seeks to recover.

[8, 9] This action is based upon the alleged negligence of the defendant. The burden of proving such negligence is cast upon the plaintiff, and it must be proved to the satisfaction of the jury by a preponderance of the testimony. Negligence is never presumed, it must be proved. Whether there was any negligence at the time of the accident, and whose, must be determined by the jury from the evidence.

[10] Negligence, in a legal sense, is the want of due care, that is, such care as an ordinarily prudent man would exercise under like circumstances. It is the failure to observe, for the protection of another person, that degree of care and vigilance which the circumstances justly demand.

[11-13]   In order for the plaintiff to recover in this action he must satisfy you by the weight, or preponderance, of the evidence, that the defendant was guilty of one or more of the negligent acts averred in his declaration.   He must satisfy you not only that the injuries complained of resulted from the negligence of the defendant, but also that at the time of the accident he was himself without any fault or negligence which proximately contributed to his injuries; for, if at that time his own negligence did proximately contribute to his injuries, the defendant would not be liable even if it was also negligent.   Where the contributory negligence of the plaintiff is relied on as a defense it must be proved by a preponderance of the evidence, and the burden of proving it rests upon the defendant, if it does not appear from the testimony produced by the plaintiff.

The defendant has prayed that you be directed, by binding instructions, to render a verdict in its favor.   We decline to do this, because we think the case should be submitted to, and determined by the jury under the evidence, and the law, as we shall state it.

[14]   The relation existing between the defendant company and the plaintiff at the time of the accident was that of master and servant, and one of the primary duties imposed upon the master towards the servant in the course of his employment, by reason of such relation, was to furnish him reasonably safe tools, machinery and appliances with which to work and to keep the same in reasonably good repair and condition.   The tools or machinery used need not be of the safest, best, nor of the most improved kind. It is sufficient if they are reasonably safe, and adapted to the purpose of the employment.

If the master fails to observe this rule of law and injury results to his servant from such failure he becomes liable therefor to the servant on the ground of negligence.

[15-17]   The servant has the right to rely on the master for the performance of this duty without inquiry on his part.   The servant assumes no risk as to such primary duty at the time he enters upon his employment, but he does assume all the ordinary risks incident to the employment that are obvious, seen or known,

or which may be seen or known by the reasonable use of his senses or the exercise of due care. The servant also assumes the dangers and hazards which are ordinarily and naturally incident to the service which he undertakes. When a person enters upon a dangerous employment, he not only assumes the risks ordinarily incident thereto, but also the risk he may incur from manifest peril. The master is not bound to insure the absolute safety of his machinery or mechanical appliances, which he provides for the use of his employees.

[18] When a servant engages himself in any specific work the master has the right to presume that the servant has the knowledge, experience and skill necessary for the performance of the work so undertaken, in a reasonably safe and proper manner, in the absence of knowledge to the contrary. And especially has the master the right so to presume if the servant represents or holds himself out to the employer as experienced in such work.

[19] But this rule does not apply when the servant was engaged to work generally, and while so engaged, and without seeking or holding himself out to be experienced and skilled in a specific and particular work, is sent by the master to perform such specific and particular work. In other words, the phrase "engages himself in any specific work" implies a seeking and acceptance by the servant of some specific and particular kind of work, and is not met by a case where the servant, without his seeking, is sent by the master from one employment to some other and different employment.

[20, 21] Where the employment is dangerous it is the duty of the master to warn and instruct his servant as to its dangerous character, if, by reason of inexperience or ignorance the servant is unacquainted with such danger. And even if the servant be experienced, it is the duty of the master to warn him of any special and extraordinary danger connected with the particular employment, if the same was unknown to the servant, and could not be seen or known by the reasonable use of his senses and the exercise of due care.

[22] The burden of proving that the plaintiff had knowledge, before the accident, of the particular defect in the machine rests

upon the defendant, unless the jury believe from the testimony of the plaintiff, or other evidence in the case, including the knowledge and experience of the plaintiff, that he knew, or should have known, of the defect complained of.

[23]   The master cannot delegate his primary duties, and if a machine provided for the servant to work with is defective and dangerous the master is responsible in damages to the servant for any injury caused him by the defective condition of such machine, provided the servant was himself free from fault, had no knowledge of the defect, and provided also the defect was not apparent and obvious.

[24]   The servant must exercise reasonable care to avoid injury to himself, and to learn the dangers that are likely to beset him in his employment.

If a servant in the course of his employment becomes aware of threatened danger, which by the exercise of reasonable care he could avoid, but fails to do so and is thereby injured, he must abide the result of his own negligence.

[25]   The servant is not bound to obey the orders of his superior directing him to go to a place of danger or engage in a dangerous service if he knows, or by the reasonable use of his senses might know of the danger of the place or service; and if he, having such knowledge, or opportunity of observing the danger, nevertheless obeys the order and exposes himself to the danger, and suffers injury therefrom, the master cannot be held liable therefor.

[26]   If the plaintiff undertook the work of catching skins as they passed through the fleshing machine, of his own motion, or at the suggestion and request of a fellow servant, or at the suggestion and request of any other person than the defendant's agents having the authority to give such orders, then the plaintiff was acting outside the scope of his duty, and cannot recover for the injuries he suffered.

[27, 28]   If the defendant furnished for plaintiff a machine, reasonably safe and adapted to the purposes for which it was used, and the dangers incident to the operation of the machine were of a patent character, and obvious to the mind of a person

of average intelligence, judgment and understanding, and the plaintiff possessed such average intelligence, judgment and understanding, or had knowledge of such dangers, then he assumed all the risks incident to the work he was engaged in at the time of his injuries, and the defendant would not be liable.  The plaintiff was bound to see any patent and obvious defects of the machine with which he was working at the time he was injured, and he assumed all patent and obvious risks incident to his employment; and if he knew or by the exercise of due diligence might have known of the defects in the hood, and the dangers to be apprehended therefrom, and continued to work with the same and received his injuries therefrom, he was guilty of contributory negligence and cannot recover.

If the plaintiff was of such age, apparent intelligence, experience and maturity of judgment that he could have known of the danger incurred by him while working at the machine with the hood in the condition testified to, he took upon himself and assumed all the patent and obvious risks incident to his employment.  And if all the perils and risks incident to the use of the fleshing machine upon which the plaintiff was injured, were open and obvious, and could be readily observed by a person possessing average intelligence and judgment, by the ordinary exercise of his senses, then the plaintiff assumed the risks and cannot recover.

In order to find a verdict for the plaintiff in this case the jury must be satisfied by a preponderance of the evidence that the plaintiff was ignorant of the danger he incurred while working with the fleshing machine in the condition it was.

[29]  If the plaintiff knew of, and appreciated, the alleged defect in the hood of the fleshing machine, and with such knowledge continued to work on said machine, not relying on any promise of the defendant to remedy such defect, he cannot recover.

[30]  The duty upon the master to warn and instruct the servant regarding the dangers incident to the servant's employment, is not an absolute and unqualified one.  The master is not required to instruct the servant as to those dangers which are matters of common knowledge, or which can be readily seen by

common observation. Warning and instruction are not required where it does not appear that the servant could have been told anything that he did not already know.

But whether the plaintiff was instructed and warned or not, if he knew the danger to which he was exposed, or in the exercise of reasonable care might have known it, considering his apparent intelligence and experience, then he assumed the risk and would not be entitled to recover.

We cannot charge you as requested by the twenty-fourth prayer of the defendant, relative to the purpose of the hood.

The cases of *Hazen v. West Superior Lumber Co.*, 91 *Wis.* 208, 64 *N. W.* 857, and *Connolly v. Eldredge*, 160 *Mass.* 566, 36 *N. E.* 469, cited by the defendant, do not in our opinion, support such a proposition. But the cases of *Craver v. Christian*, 36 *Minn.* 413, 31 *N. W.* 457, 1 *Am. St. Rep.* 675, and *Hunt v. Kane*, 100 *Fed.* 256, 40 *C. C. A.* 372, cited by the plaintiff, seem to be much more in point, and strongly indicate that the defendant's contention is untenable as a proposition of law.

[31]  But we do charge you, as requested by the defendant in his twenty-fifth prayer, that if you believe from the evidence that the plaintiff had knowledge of two or more ways of removing the skins from the grip roller around which skins would become wound in the operation, one of which was perfectly safe and the other subject to risk and dangers, and he voluntarily chose the latter and was injured, he was guilty of contributory negligence and cannot recover.

[32]  The jury may not infer negligence on the part of the defendant from the mere fact that the plaintiff was injured in the work, and upon the machine, at which he was engaged. The ground upon which a servant recovers against a master for injuries sustained in his services is that such injuries were caused by the violation or neglect of some duty which the master owed to the servant. If there was no such duty, there can be no such liability.

If the plaintiff from his experience gained in the defendant's factory, or elsewhere, knew how to do with safety the particular work he was doing at the time he was injured, the defendant

would not be liable on account of its failure to give the plaintiff instruction and warning. If he knew of the danger, or by the ordinary use of his senses could have known thereof, he assumed the risk and may not recover therefor.

[33, 34] If the plaintiff, at the time of the accident, was acting outside the scope of his employment without the order of the master, he cannot recover, even though the machinery or appliance was defective and dangerous. Neither is he entitled to recover if the accident was caused by his attempt to do something which he was warned not to do. In the one case he would be doing something he was not authorized to do, and in the other something he was forbidden to do, and in either case assumed his own risk, for which he could not hold the master liable.

[35] The plaintiff cannot recover for any negligence of the defendant other than that which he has alleged and proved. So that, if you believe from the evidence that his injuries were caused by some defect in the hood or covering of the machine different from the defect alleged and proved, he is not entitled to recover no matter what other defects there may have been in said hood or covering.

[36] In conclusion, gentlemen, we say, that if you believe from a preponderance of the evidence that the plaintiff's injuries were caused by the negligence of the defendant as we have instructed you, and further believe that the plaintiff's own negligence did not proximately contribute thereto, your verdict should be in favor of the plaintiff, and for such sum of money as will reasonably compensate him for his injuries, including therein his pain and suffering in the past, and such as may result to him in the future therefrom; and also for his loss of time and wages, and for any impairment of ability to earn a living in the future arising from such injuries, as may be disclosed by the evidence.

If, however, you are not satisfied that the plaintiff's injuries were caused by the negligence of the defendant, or, if you believe that the plaintiff's own negligence contributed in any way proximately to his injuries, your verdict should be in favor of the defendant.

You have listened very attentively and patiently to the

presentation of this case, and the court, in view of the importance of the questions involved, has at some length and as clearly as they were able to do, given you the law applicable to the facts. It now becomes your duty to carefully, fairly and conscientiously consider all the evidence, and after applying thereto the law as we have stated it, reach such a conclusion as you believe to be just and proper under the law and the evidence.

Verdict for plaintiff.