## BENJAMIN S. LE FEVRE *vs.* BRIDGET CROSSAN.

**1. TRIAL—PROVINCE OF JURY—WEIGHT OF EVIDENCE.**

The jury is the sole and exclusive judge of the weight of conflicting evidence.

**2. INNKEEPERS—DUTY TO FURNISH ACCOMMODATIONS.**

A licensed inn or tavern is a public place, to which the public has a right to go and remain as long as is consistent with the lawful purposes for which the right is exercised; and one entering a barroom of an inn or tavern for the purpose of drink or refreshment, being in a physical condition to receive the same and conducting himself in an orderly and peaceable manner, has the right to remain long enough to satisfy the lawful purpose for which he entered.

**3. INNKEEPERS—INJURY TO PERSON OF GUEST—REMOVAL.**

When a person enters a barroom of a tavern forcibly and wrongfully, or returns thereto in a disorderly manner after having been requested to leave or having been lawfully expelled, or, having entered peaceably and rightfully as one of the public, he thereafter becomes disorderly and refuses to leave upon request, he becomes a trespasser, and may be put out in a proper manner and with so much force as is necessary.

**4. INNKEEPERS—REMOVAL—RESISTANCE—DEGREE OF FORCE.**

Where a person, being lawfully ejected from a tavern, resists and turns his resistance into an attack, he becomes the assailant, and the one so attacked may thereafter defend himself by the use of sufficient force, to overcome the resistance and protect himself; and if he does not use greater force than is required therefor, and injury results to the person resisting, he cannot recover.

**5. INNKEEPERS—CONDUCT OF BUSINESS—REMOVAL OF DISORDERLY PERSON.**

Before a person, entering the barroom of a licensed tavern upon invitation or permission extended to the public by reason of its character can be forcibly removed, he must have done or threatened to do something by which the invitation or permission is withdrawn and become a trespasser; and if he becomes disorderly, and threatens a breach of the peace, so as to be a trespasser, the proprietor or his servant, after his refusal to go out when ordered, may lawfully put him out, using only such force as is necessary.

**6. INNKEEPERS—ACTION AGAINST FOR PERSONAL INJURIES—ADMISSIBILITY OF EVIDENCE.**

In an action against the proprietor of the barroom of a licensed tavern for injuries from a forcible and unlawful removal by his servant, evidence as to the acts and words of plaintiff, and as to defendant's servant, preceding the removal of plaintiff, was admissible on the issue whether plaintiff was properly requested to leave and warned to stay out before he was finally put out.

**7. INNKEEPERS—EJECTION OF GUEST—DEGREE OF FORCE—LIABILITY.**

Where plaintiff's conduct, after entering the barroom of a licensed tavern, was such as to make his removal lawful, and after request to leave and resistance he was violently or maliciously put out by defendant's servant with force greater than was necessary, regard being had to plaintiff's condition of soberness or intoxication, or if, while being put out, he promised to cease resistance, and go out peaceably, and did cease resistance, and force was afterwards used to remove him, defendant was liable.

**8.  EVIDENCE—WEIGHT OF EVIDENCE—PREPONDERANCE OF EVIDENCE.**

In civil cases the law requires that the plaintiff establish his case by a preponderance or greater weight of the evidence.

**9.  INNKEEPERS—CONDUCT OF BUSINESS—REMOVAL OF DISORDERLY PERSONS—DAMAGES.**

The measure of damages for being forcibly and unlawfully put out of the barroom of a licensed tavern is such a sum as will reasonably compensate plaintiff for the personal injuries inflicted, with regard to his suffering or loss in the past and in the future, if his injuries be permanent, his impaired ability to labor, his loss of time, and his actual expenses incurred by reason thereof.

**10.  DAMAGES—MEASURE OF DAMAGES—AGGRAVATION BY PLAINTIFF.**

In an action for personal injuries, damages are not recoverable for any aggravation thereof caused by the plaintiff himself.

**11.  EVIDENCE—WEIGHT OF EVIDENCE—CREDIBILITY OF WITNESSES.**

On conflicting evidence, it is the jury's duty to reconcile it, if it can, and, if it cannot, to accept that which in its judgment is most worthy of credit, and reject that which is least worthy of credit, having regard to the intelligence, the bias, and the interest of the witnesses, and their opportunity to have seen and remembered that to which they have testified.

(*May* 22, 1912.)

Judges WOOLLEY and RICE sitting.

*Caleb E. Burchenal* and *Horace G. Eastburn* for plaintiff.

*Daniel O. Hastings* for defendant.

Superior Court, New Castle County, May Term, 1912.

ACTION OF TRESPASS UPON THE CASE (No. 90, May Term, 1911), to recover from the defendant, damages for injuries to his person alleged to have been sustained as a consequence of being unlawfully ejected from the Inn or Tavern known as the "Farmers' Hotel", 308 King street, Wilmington,—the property of the defendant—by one of the defendant's servants.

The facts sufficiently appear in the charge of the court.

(Same case on demurrer to plea, *ante*, also 84 *Atl.* 127).

### PLAINTIFF'S PRAYERS.

If the assault was committed by the servant of the defendant while in the performance of his duty as a servant or employee of the hotel-keeper, the defendant would be responsible for the actual damages which the plaintiff suffered even though the defendant was not present and in no manner consented to or aided in the

assault. *Wade v. Thair*, 40 *Cal.* 578, 585; *Evans v. Davidson*, 53 *Md.* 245, 249; *Plameri v. R. R. Co.*, 133 *N. Y.* 261, 265.

A person professing to keep an inn or tavern thereby gives to all persons a general license to enter the house. *State v. Whitby*, 5 *Harr.* 494, 495; *Adams v. Freeman*, 12 *Johnson*, (*N. Y.*) 408.

In removing a disorderly person from a saloon it is the duty of the defendant or his servant to first order the person to go out and if he refuses, to gently remove him; but in no event to use excessive force, or more force than is necessary to eject him. *State v. Steel*, 11 *So.* 478, 481, 483; 12 *Viners Abridgement*, 182; *Thomas v. Block*, 8 *Houst.* 507; *State v. Whitby*, 5 *Harr.* 495.

When the disorderly person agrees to go out, it is the duty of the defendant or his servant to let him go out without use of force, and any force in such event would amount to a violation of the plaintiff's right for which the defendant would be liable.

The fact that the plaintiff was drunk or guilty of misconduct did not give the defendant the right to use any more force than was necessary to put him out of the saloon, and the use of any excessive force by the defendant or his servants would render the defendant liable. *Isbell v. N. H. R. R. Co.*, 27 *Conn.* 393.

It is admitted by the pleadings that the bartender was the agent of the defendant, in charge of the saloon; that he acted within the scope of his authority in putting out of the saloon, the plaintiff; and that he did put the plaintiff out.

Request for instructions as to conflict of testimony. *Benson v. Wil. City Ry. Co.*, 1 *Boyce* 202, 207.

Measure of damages. *Murphy v. Hughes Bros. and Bangs*, 1 *Penn.* 250, 562; *Ray v. D. S. Steel Co.*, 2 *Penn.* 525, 529; *Boyd v. Blumenthal and Co.*, 3 *Penn.* 564, 569; *Winkler v. P. & R. Ry. Co.*, 4 *Penn.* 80, 87.

If the jury find from the evidence that excessive force was used wantonly and maliciously without provocation and that the wrong inflicted was grievous, punative damages may be given in addition to damages for any injuries actually suffered. *Thomas v. Block*, 8 *Houst.* 507, 515; *Tatnall v. Courtney*, 6 *Houst.* 434.

### Defendant's Prayers.

That if the jury believe that the plaintiff came into the defendant's inn or tavern and made a great noise and disturbance therein and refused to leave upon the request of the defendant or her servants, the defendant or her servants had the right to eject the said plaintiff, using no more force for that purpose than was necessary. *Watson v. Hastings*, 1 *Penn.* 47; *Commonwealth v. Clark*, 2 *Metc.* 23 (*Mass.*); *State v. Lockwood*, 1 *Penn.* 76; *Commonwealth v. Powers*, 48 *Mass.* 601.

The defendant being a licensed inn or tavern keeper, it was her duty to prevent disorderly, riotous or lewd conduct in or about her house; and if the jury believe that the defendant, while in said inn or tavern, was guilty of such conduct, it was not only the right but the duty of the defendant or her servants to eject the said plaintiff, and they had the right to use whatever force was necessary for that purpose. *Revised Code* 414, § 15; *Hampton v. State*, 65 *S. W.* 526; *Commonwealth v. Clark*, 43 *Mass.* 23.

Before the plaintiff can recover, it is necessary for him to show by a preponderance of evidence that he received injury in the manner alleged in the declaration.

If the alleged injuries of the plaintiff were not occasioned as alleged, but were suffered by the carelessness or misadventure of the plaintiff, he cannot recover. *Armstrong v. Little*, 4 *Penn.* 255.

If the servants of the defendant, in putting the plaintiff out of the saloon, acted as prudent and careful men would act under like circumstances, using no more force than was necessary, then the plaintiff cannot recover, notwithstanding the fact that he may have fallen as they released their hold on him.

Should the jury find for the plaintiff, the defendant would only be liable for the usual and natural effects and results of his injury, and it was the duty of plaintiff to use all reasonable care and precaution in effecting a cure, (*Graboski v. Leather Co.*, 6 *Penn.* 145); and in no event can damages be allowed except such as result directly from the wrongful act of the defendant, (*Baldwin v. Peoples Ry.*, 7 *Penn.* 81).

Woolley, J., charging the jury:

Gentlemen of the jury:—This is an action of trespass upon the case, instituted by the plaintiff to recover from the defendant damages for injuries to his person, alleged by him to have been sustained as a consequence of being unlawfully ejected from the property of the defendant by one of the defendant's servants.

It is admitted that on the fourteenth day of December, A. D. 1910, the defendant was the proprietress of the Farmers' Hotel, situate in the City of Wilmington and State of Delaware, which she conducted as an inn or tavern under a license to sell and dispense intoxicating liquors, and that upon that date the plaintiff was ejected from the barroom of the defendant by one of her servants acting within the scope of the authority conferred upon him as her bartender.

The plaintiff charges that he was upon the premises of the defendant by her permission and at her invitation, and while there conducting himself in a lawful and peaceable manner was violently, wantonly, forcibly, wilfully, and maliciously pushed and ejected therefrom by the defendant's servant, with a force and violence far in excess of the necessity of the situation or of his condition, causing his hip to be broken, and thereby causing him to sustain injuries from which he suffered great bodily pain, an impairment of his capacity to earn a living and was compelled to lay out and expend diverse sums of money in his endeavor to be cured and healed.

The defendant has filed pleas of the statute of limitations, not guilty and *son assault demesne.* Upon the former two issue was joined, while to the latter the plaintiff filed a replication *de injuria.*

The substance of the defense, as stated by this technical pleading, is, first, that the defendant, by the acts and conduct of her servant, did not commit the assault as declared by the plaintiff or inflict the injury of which he complains; and, second, that the defendant's servant exercised a lawful right and performed a duty in removing the plaintiff from the premises of his employer, that in doing this he employed only such means as were lawful and only such force as was necessary, and that in the progress of his lawful acts the plaintiff actually committed upon him the

first assault and that what was thereafter done on his part was in the necessary defense of himself.

[1]   In support of these conflicting contentions there is much conflicting testimony, of which, under our system of jurisprudence, you are the sole and exclusive judges and with respect to which the court can enter into no discussion.   We will therefore state to you the law, as it bears upon the subject of the controversy.

[2, 3]   A licensed inn or tavern is a public place to which the public has a right to go, and going has a right to remain as long as is consistent with the lawful purposes with which the right is employed.   If a person enters and is received in an inn or tavern as a guest, he has a right to remain there a reasonable time, if he behaves himself peaceably and properly and pays the amount charged for his entertainment (*State v. Whitby*, 5 *Harr.* 494);   if he enters the barroom of an inn or tavern for the purpose of drink or refreshment, being in a physical condition to receive the same and conducting himself in an orderly and peaceable manner, he has a right to enter the barroom and remain long enough to satisfy the lawful purpose for which he entered.   He may, by his conduct convert neither place into a place different in character from that for which it was intended by its license.,   He cannot make of the barroom a loafing place or a place for the display of his temper, appetites or passions.   Therefore, when a person enters a barroom wrongfully, that is, with force and disorder in the first instance, or returns thereto in a disorderly manner after having but shortly before been requested to leave or been lawfully expelled, he may be put out in a proper manner, or having entered peaceably and rightfully by virtue of the license extended to him as one of the public, and he thereafter becomes profane or disorderly, and if, upon request he refuses to leave, he forfeits his right to remain for any purpose and becomes a trespasser, and like any trespasser may be put out by resort to so much force as is necessary.   *State v. Whitby*, 5 *Harr.* 495;   *McDermott v. Kennedy*, 1 *Harr.* 143;   *Watson v. Hastings*, 1 *Penn.* 47, 39 *Atl.* 587.

When a person for such reasons is in such a manner ejected from a tavern, and injury results to him, the law considers the injury to be the result of his own misconduct rather than the

Charge.

result of the conduct of him who ejects him in a lawful manner, and for such an injury the law accords to him no right of recovery.

[4] If a person, in being lawfully ejected from a tavern, resists, so much additional force may be employed as may be necessary to overcome the resistance, and if the person being ejected turns his resistance into an attack, he becomes the assailant and the one so attacked may thereafter defend himself by the use of sufficient force to repel the attack and protect himself from injury and bodily harm; and if, in the exercise of this right, he does not resort to force greater than is required to protect himself, and injury results to the person thus become the assailant, the law affords him no remedy and withholds from him a right of recovery.

If you should conclude from the evidence that the alleged personal injuries of the plaintiff were not occasioned by an unlawful assault of the defendant's servant, but were occasioned either by the act of the defendant's servant in a proper defense of himself, as a result of the plaintiff's resistance to a proper degree of force applied in lawfully expelling him from the room, or otherwise by the carelessness or misadventure of the plaintiff himself, your verdict should be for the defendant.

[5] In order to warrant the forcible removal of a person from a barroom by the proprietor or his servant, there must first be some lawful reason or excuse to prompt and justify the removal. Being present by invitation or permission extended to the public by reason of the character of the place for which a license is granted, a person must have done something or threatened to do something by which the invitation or permission is withdrawn, and by his unlawful presence, he becomes a trespasser. If he becomes disorderly, or threatens a breach of the peace, he is in law a trespasser and the proprietor or his servant may lawfully put him out. But in removing a disorderly person from a tavern, being a public place, it is the duty of the proprietor or his servant first to order the person to go out, and, if he refuses, he may then remove him, but in doing so he may use only such force as is necessary for the purpose.

Therefore if you find that the plaintiff was forcibly removed

from the barroom of the defendant by her servant, without any unlawful act having first been committed or threatened by the plaintiff, the defendant then through her servant committed a trespass and your verdict should be for the plaintiff.

[6] In considering the conduct of the plaintiff and of the defendant's servant, the testimony extends to acts and words of each preceding the act of ejecting the plaintiff, which testimony should be considered by you in determining whether the plaintiff was properly requested to get out and warned to stay out before he was finally put out. If you find the plaintiff's conduct was such, as to justify his removal, and that he was forcibly ejected without first being requested to leave, or without such previous requests having a timely relation to the final act of putting him out, your verdict should be for the plaintiff.

[7] If you find the plaintiff's conduct was such as to make his removal lawful, and after being requested to leave he refused and resisted, and he was violently or maliciously ejected from the room by the defendant's servant with a force greater than was necessary to accomplish his removal, regard being had to the situation and to his condition of soberness or intoxication, or if in the midst of being ejected, he promised and made an effort to go peaceably, and promised to cease and did in fact cease all resistance, and force was thereafter continued in removing him, your verdict should be for the plaintiff.

[8] In this case, as in all civil cases, the law requires that the plaintiff should establish his case by a preponderance, that is, by the greater weight of the testimony, and unless he has done that to your satisfaction, he cannot have your verdict.

If you find from such a preponderance of the evidence that the defendant's servant committed an assault or trespass upon the plaintiff in any one of the unlawful ways indicated to you, you should find a verdict of damages for the plaintiff.

[9, 10] If you find for the plaintiff, you may find for him in such a sum as will reasonably compensate him for the injuries which alone may be found to have been inflicted by the defendant's servant, and not for any aggravation thereof that may be found to have been made by the plaintiff himself, having regard

Verdict.

in your estimate, to the plaintiff's suffering or loss, in the past and in the future, if his injuries be permanent, his impaired ability to labor, if any, loss of time and actual expenses incurred by reason thereof.

[11] We will add, to what we have already said to you, that there is one rule which we give to you in aid of the solution of the problems of these cases, which is that when you find the testimony to be conflicting, as it is in this case, it is your duty first to reconcile it if you can. If you cannot reconcile it, you should then accept that which in your judgment is most worthy of credit and reject that which is least worthy of credit, having regard to the intelligence, the bias, the interest of the witnesses and their opportunity to have seen and understood and remembered that to which they have here testified.

Verdict for plaintiff.

(Motion for new trial made and refused.)