IDA PONDER AND JAMES W. PONDER *vs.* MARYLAND, DELAWARE AND VIRGINIA RAILWAY COMPANY, a corporation of the State of Delaware.

### 1. DAMAGES—FIRES—MEASURE OF DAMAGES.

In an action for the burning of timber on a tract adjoining a railroad, brought under *Rev. Code* 1915, § 3448, providing that if a railroad allows combustible material to remain on land owned by it, and such brush is set on fire by any cause, the railroad company shall be liable for the damages thereby caused to the owner of other property, the measure of damages is the difference of the value of the property immediately before the fire, including the timber, young and old, and its value thereafter.

### 2. EVIDENCE—CONFLICTING EVIDENCE.

Where the evidence is conflicting, the jury should reconcile it, if they can, and, if not, should accept that which they believe worthy of credit, and reject that, if any, which they believe unworthy of credit, taking into consideration the apparent fairness of the witnesses, including expert witnesses, their intelligence, and the opportunities which they had for seeing and observing the facts as to which they have testified.

### 3. TRIAL—QUESTIONS FOR JURY—CREDIBILITY OF WITNESSES.

The jury are the sole judges of the credibility of the witnesses and the weight and value of their testimony.

### 4. EVIDENCE—WEIGHT OF EVIDENCE.

In an action for damages caused by fire originating in brush left on a railroad right of way, the verdict should be for that party in whose favor is the preponderance of the evidence.

*(April* 23, 1915.)

Judges RICE and HEISEL sitting.

*Hugh M. Morris* (of *Saulsbury, Morris and Rodney*) and *Robert C. White* for plaintiffs.

*Charles S. Richards* and *Charles W. Cullen* for defendant.

Superior Court, Sussex County, April Term, 1915.

ACTION CASE (No. 1, February Term, 1914) by Ida Ponder and James W. Ponder against the Maryland, Delaware and Virginia Railway Company, to recover damages for injuries to a large tract of timber of the plaintiffs, alleged to have been caused by fire originating on the right of way of the defendant company.

. The plaintiffs' claim was based upon the alleged default of the defendant company in permitting brush and other combustible matter to remain upon its land, which being set on fire and communicated to the woodland of the plaintiffs destroyed and impaired the same, contrary to the statute in that behalf, set forth in the charge of the court to the jury.

RICE, J., charging the jury.

Gentlemen of the jury:—Ida Ponder and James W. Ponder, the plaintiffs in this action, seek to recover from the Maryland, Delaware and Virginia Railway Company, the defendant, damages for injury by fire to a large tract of timber land belonging to the plaintiffs.

The plaintiffs claim that the defendant owned a steam railway and operated it over and along a right of way in Broadkiln Hundred, Sussex County, adjacent to a large tract of plaintiffs' land, set with timber trees of different kinds and various ages; that the defendant company contrary to the provisions of *Section* 3448, *Revised Code of* 1915, suffered to remain on its right of way at the place mentioned, brush, dried grass and other combustible matter, which caught fire, and the fire was communicated to and injured and destroyed the plaintiffs' growing timber trees.

The defendant denies that it suffered to remain on the land owned or controlled by it for railroad purposes, any brush or other combustible matter, and claims that it was in no way responsible for the damages to plaintiffs' property.

The claim of the plaintiffs is based altogether upon defendant's failure to comply with the provisions of *Section* 3448 of the *Revised Code.* The issue joined is a narrow one and the questions for your determination are few and limited in scope.

[1]  By *Section* 3448, *Revised Code* of 1915, it is provided:

"That if any railroad company owning or operating any railroad within this state shall suffer to remain on any part of the land owned or controlled by it for railroad purposes, within this state any brush or other combustible matter, and if such brush or other combustible matter shall from any cause whatsoever be set on fire, and by reason thereof, the property, real or personal, of any person or persons shall be destroyed or impaired, such railroad company shall be liable to pay the damages resulting therefrom," etc.

If you should believe from the evidence that the defendant did suffer to remain on any part of the land owned or controlled by it for railroad purposes any brush or other combustible matter, and it was set on fire from any cause whatsoever, and by reason thereof the property of the plaintiffs was damaged, contrary to the provisions of the above mentioned statute, then your verdict should be in favor of the plaintiffs. And upon such a determination by you, the only remaining question for you to determine would be the amount of damages sustained by plaintiffs by reason of such fire as the same may be disclosed by the evidence.

If you find for the plaintiffs, your verdict should be for such a sum as would reasonably compensate them for the injury they sustained by reason of such fire, as shown by the value of their property immediately before the fire, including timber, young and old, and its value thereafter.

[2]  When the evidence is conflicting, it is the duty of the jury to reconcile it if they can. If they cannot reconcile it, they should accept that portion of the testimony which they believe to be worthy of credit, and reject that part, if any, they believe to be unworthy of credit, taking into consideration the apparent fairness of the witnesses, including expert witnesses, as they appear upon the stand, their intelligence and knowledge and the opportunities which the various witnesses had for seeing and observing the facts to which they have testified.

[3]  You, however, are the sole judges of the credibility of the witnesses, and the weight and value of the testimony which you have heard in this case.

If you should find that the injury to the plaintiffs' property was caused otherwise than by defendant's omission or failure to

comply with the provisions of the above mentioned law, your verdict should be for the defendant.

[4]   Your verdict should be for that party in whose favor is the preponderance of evidence.

Verdict for plaintiffs.