## DELAWARE COACH CO. v. SAVAGE et al.

### Civ. A. No. 524.

United States District Court
D. Delaware.

Nov. 1, 1948.

Rehearing Denied Dec. 13, 1948.

See also 68 F.Supp. 175.

William H. Foulk, Herbert L. Cobin, William Poole and Southerland, Berl & Potter, all of Wilmington, Del., for plaintiff.

William Prickett, of Wilmington, Del., for defendants.

RODNEY, District Judge.

This was an action brought as a result of a collision in the City of Wilmington, Delaware between a trolley coach of the plaintiff and a truck and trailer of the defendants. As a result of the collision the driver of the trolley coach was killed and his widow received from the plaintiff compensation for his death, and this suit is brought pursuant to the subrogation provisions of the Delaware Workmen's Compensation Act. Rev.Code Del.1935, § 6108. Recovery was also sought for the damage

sustained to the trolley coach. Jurisdiction is based upon diversity of citizenship. The case was tried to the court without the intervention of a jury, and separate findings of fact and conclusions of law have been filed. This comment is collateral to such findings and conclusions.

The collision was a right angle collision and happened at the intersection of two paved and well-travelled highways. The accident happened in broad daylight when the weather was clear and the roadways dry and in good condition. The intersection was protected by traffic lights upon all four corners operating in unison and controlling traffic in all four directions. The traffic lights were activated by treadles in each street placed at varying distances from the intersection.

It was established that when a green light or "Go" signal is shown, the "traffic facing such signal may proceed except that vehicular traffic and coaches proceeding under such signal shall yield the right of way to pedestrians, vehicles and coaches lawfully within a crosswalk or the intersection at the time such signal was exhibited."

It was also established that when a red light or "Stop" signal is shown the "traffic facing the signal shall stop before entering the nearest crosswalk at the intersection or at such other point as may be plainly and officially designated by authority of the Street and Sewer Department, and remain standing until Green or 'Go' is shown alone."

The plaintiff, in support of its allegation of the negligence of the defendants, produced several highly intelligent and entirely disinterested witnesses who were in a position to see the traffic lights just prior to the accident, as well as the collision itself. They testified that the traffic lights were favorable to the trolley coach of the plaintiff and against the truck and trailer of the defendants.

The defendants, in support of their denial of their own negligence and in support of their allegations of contributory negligence of the plaintiff, produced an even greater number of disinterested witnesses who were in an equally favorable position to see and to know the conditions just prior to the accident. These witnesses testified unequivocally that the red or unfavorable traffic signal was shown toward the trolley coach of the plaintiff and that, notwithstanding such adverse signal, the trolley coach entered the intersection and the collision ensued.

The court found that the accident was not an unavoidable accident, but was caused by the negligence of at least one of the drivers of the motor vehicles involved. The evidence was in direct and irreconcilable conflict with witnesses on both sides who were disinterested, intelligent and entitled to credence. The court found that there was no preponderance on behalf of the plaintiff of the evidence of negligence of the defendants, but that such evidence was in equipoise and as a legal consequence the plaintiff had not sustained its burden and judgment must be entered for the defendants.

■ Jurisdiction being based upon the diversity of citizenship, it is essential that the law of Delaware be ascertained. In the Delaware Reports appear a myriad of cases holding that "the law requires that the plaintiff should establish his case by a preponderance, that is, by the greater weight of the testimony, and unless he has done that to your satisfaction [the jury], he cannot have your verdict", LeFevre v. Crossan, 3 Boyce 379, 396, 26 Del. 379, 396, 84 A. 128, 131, or "The burden of proving such negligence is cast upon the plaintiff, and it must be proved to the satisfaction of the jury by a preponderance of the testimony." Seininski v. Wilmington Leather Co., 3 Boyce 288, 295, 26 Del. 288, 295, 83 A. 20, 24. So universal is the principle that it appears in almost every volume of Delaware Law Reports and, indeed, many cases are often to be found in the same volume.

It is true that in a number of cases such as Riccio v. People's Ry. Co., 3 Boyce 235, 26 Del. 235, 82 A. 604, and Ponder v. Maryland, etc., Ry. Co., 5 Boyce 428, 28 Del. 428, 94 A. 514, 515, the court, rather unguardedly, said to the jury, "Your verdict should be for that party in whose favor is the preponderance of evidence."

There is nothing to indicate, however, that the court intended to shift from the plaintiff the burden of proving negligence by a preponderance of evidence, or that the court intended to state that to entitle the defendant to a verdict such defendant must establish his cause by a preponderance of the evidence.

■■■ The burden of proof rests upon the party asserting the affirmative of an issue, such as, in this case, the negligence of the defendants. If an allegation, such as the negligence of the defendant, be alleged, the party asserting such fact must prove it by a preponderance of the evidence. The burden of proof of such fact continues throughout the case and this burden of proof never shifts. The burden of going forward with the evidence may shift from time to time during a trial after the establishing of a prima facie case or due to some other development in the case, but the burden of proof of the main fact remains with the party who alleged such main fact.

■■■ Upon the establishment of a prima facie case the burden of evidence or the burden of going forward with the evidence shifts to the defensive party. It then becomes incumbent upon such defensive party to meet the prima facie case which has been established. For this purpose the defensive party need not produce evidence which preponderates or outweighs or surpasses the evidence of his adversary, but it is sufficient if such evidence is co-equal, leaving the proof in equilibrium. If the defensive party, either by a preponderance of evidence or evidence sufficient to establish equilibrium, has met and answered the prima facie case, then the burden of going forward with the evidence returns to the original proponent charged with the burden of proof who must in turn, by a preponderance or greater weight of evidence, overcome the equilibrium thus established, or

otherwise support his burden of proof by a preponderance of the evidence. This is true whether the original prima facie case is founded upon affirmative evidence or established by the doctrine of res ipsa loquitur or other presumption or inference of law. Sweeney v. Erving, 228 U.S. 233, 33 S.Ct. 416, 57 L.Ed. 815, Ann.Cas.1914D, 905. As said in Commercial Molasses Corporation v. New York Tank Barge Corporation, 314 U.S. 104, 111, 62 S.Ct. 156, 161, 86 L.Ed. 89, an inference or presumption "does no more than require the [defensive party,] if he would avoid the inference, to go forward with evidence sufficient to persuade that the nonexistence of the fact, which would otherwise be inferred, is as probable as its existence. It does not cause the burden of proof to shift, and if the [defensive party] does go forward with evidence enough to raise doubts as to the validity of the inference, which the trier of facts is unable to resolve, the [proponent] does not sustain the burden of persuasion which upon the whole evidence remains upon him, where it rested at the start." The court cited, inter alia, the opinion of Judge Woolley in Tomkins Cove Stone Co. v. Bleakley Transp. Co., 3 Cir., 40 F.2d 249.

In support of the foregoing principles may be found many well-reasoned cases such as First National Bank of Morrill v. Ford, 30 Wyo. 110, 216 P. 691, 31 A.L.R. 1441, quoted in extenso in 2 Jones on Evidence, Sec. 482, p. 855, 856.

From numerous cases showing the general principle there may be culled the cases cited in the footnote.[1]

Wigmore in his elaborate treatise shows the shifting and progressive nature of the burden of producing evidence for the satisfaction of the judge as well as the permanent and non-shifting nature of the burden of proof (the non-persuasion of the

---

1 Speas v. Merchants Bank & Trust Co., 188 N.C. 524, 125 S.E.2d 398; Tobin v. Shwitzer, 163 Misc. 757, 296 N.Y. S. 590; In re Stablefords Est., 174 Misc. 284, 20 N.Y.S.2d 615; McCue v. Flynn, 327 Ill.App. 222, 63 N.E.2d 647; Manufacturers' Finance Corp. v. Pacific Wholesale Radio, Inc., 130 Cal.App. 239, 19 P.2d 1013, 1015; Great A & P Tea Co. v. Custin, 214 Ind. 54, 13 N.E.2d 542, 545, 14 N.E.2d 538; Benson v. Northland Trans. Co., 200 Minn. 445, 274 N.W. 532, 534; Klunk v. Hocking Valley Railway, 74 Ohio St. 125, 127, 77 N.E. 752.

jury), which remains at all times with the proponent of the issue, to be established by a preponderance of the evidence. 9 Wigmore on Evidence, 3d Ed., Sec. 2485–2489. See also 2 Chamberlayne, Modern Law of Evidence, Sec. 940, etc.; McKelvey on Evidence, 75.

In Board of Education v. Makely, 139 N.C. 31, 51 S.E. 784, and Shepard v. Western Union Telegraph Co., 143 N.C. 244, 55 S.E. 704, 118 Am.St.Rep. 796, is cited a terse and apt quotation from 1 Elliott on Evidence, as follows: "The burden of the issue, that is, the burden of proof, in the sense of ultimately proving or establishing the issue or case of the party upon which such burden rests, as distinguished from the burden or duty of going forward and producing evidence, never shifts, but the burden or duty of proceeding or going forward often does shift from one party to the other, and sometimes back again. Thus, when the actor has gone forward and made a prima facie case, the other party is compelled in turn to go forward or lose his case, and in this sense the burden shifts to him. So the burden of going forward may, as to some particular matter, shift again to the first party in response to the call of a prima facie case or presumption in favor of the second party. But the party who has not the burden of the issue is not bound to disprove the actor's case by a preponderance of the evidence, for the actor must fail if, upon the whole evidence, he does not have a preponderance, no matter whether it is because the weight of evidence is with the other party, or because the scales are equally balanced."

 Because, in this case, the plaintiff did not sustain its burden toward the fact-finding tribunal and show the negligence of the defendants by a preponderance of the evidence, judgment must be entered for the defendants.

### On Motion for Reargument

Subsequent to the filing of the court's opinion in this case, plaintiff moved for reargument, grounding such motion upon an alleged failure by the court to apply the principle of law that all facts and circumstances must be weighed by the trier of facts in reaching its decision, especially in determining the credibility of witnesses and the probabilities of a case. The motion is supported by a memorandum in which plaintiff sets forth three cases as authorities for the principle urged by plaintiff. One of the three cases, LeFevre v. Crossan, 3 Boyce 379, 26 Del. 379, 396, 84 A. 128, was cited by the court in its opinion.

The court is in complete agreement with plaintiff's contention and indicated as much in its opinion. Indeed, the very procedure which plaintiff contends must be followed by the trier of facts was, in fact, followed by the court in the instant case.

It is only necessary to add that courts of Delaware have uniformly set forth to juries certain aids or means of assistance when the testimony presented has been in conflict. Quite uniformly have juries been told that when the testimony is in conflict the juries should consider all the facts of the case and take into consideration the demeanor of the witnesses on the stand, their apparent fairness in giving their testimony, their opportunities for knowing the facts about which they have testified, any bias or interest they may have in the outcome of the litigation, and any other matters appearing from the evidence and having a bearing upon the reliability or unreliability of the testimony.

Where, as in this case, all those means of establishing the burden of proof have been exhausted and the trier of facts is still confronted with an equilibrium of testimony, as is here found, the plaintiff must be adjudged to have failed in its burden of proof.[2]

The motion for reargument is denied.

---

[2] Model Code of Evidence, p. 3.