**SKINNER, a minor, etc., Appellee v. BROOKS, Appellant.**

Ohio Appeals, First District, Hamilton County.

No. 6352. Decided February 21, 1944.

Mr. James Conway, Cincinnati for appellee.

Messrs. Ragland, Dixon & Murphy, Cincinnati, for appellant.

## OPINION

By MATTHEWS, J.

In this action the plaintiff recovered a judgment for $350.00 as damages on account of personal injuries inflicted by an assault and battery by the defendant. The issues of fact were submitted to a jury which returned a verdict for the plaintiff. The Court overruled the defendant's motion for a new trial and entered the judgment on the verdict. It is from that judgment this appeal was taken. The appellant contends that the Court erred to his prejudice in its instructions to the jury and that there is no substantial evidence in support of the verdict.

The appellant admitted that the appellee received some injuries to his mouth, teeth, and lip in a physical encounter with him, but alleged that such injuries were inflicted by him in performance of his duties as a police officer of the City of Cincinnati in quelling an affray in which the appellee and others were engaged and in arresting the appellee for a breach of the peace and that he used no more force than was reasonably necessary for that purpose, and that the appellee's injuries were caused by his own wilful, malicious, and unlawful conduct.

While the reply contained a denial of all the allegations of the answer, the evidence conclusively proved that the defendant was at the time a police officer of the City of Cincinnati, dressed in regulation policeman's uniform and engaged in patroling territory over which he was charged with the duty of preserving the public peace and preventing crime when he came upon the plaintiff engaged in a fight caused, as was later disclosed, by the appellee's aggression. The appellant

intervened and endeavored to restore peace and order. There was a lull which ended when one of the other men engaged in the affray refused to shake the appellee's hand. The appellant was close to them, and perhaps between them at the time when appellee made a threatening motion toward either the appellant or the person who had refused to shake his hand. The appellant struck the appellee with his stick or club across the face causing the injuries alleged. The appellant testified that his purpose was to strike him across the shoulder, but that the appellee made a sudden movement that resulted in the blow falling on his face. There was corroborating evidence of his testimony in this respect.

At the plaintiff's request and over the defendant's objection, the Court gave this special charge:

"It is not enough for a defendant, in order to justify an assault and battery, to show that he was acting in self-defense, but he must also show that no more force was used by him than the exigency reasonably demanded. If he (the defendant) was guilty of an unreasonable and disproportionate degree of violence toward the person of another, he is liable for the excess, although he was acting in self-defense. In such cases, the question is not merely whether the defendant was the assaulted party, and so had a right to repel force by force; but also as to the degree of the bearing, and its proportion to the assault of the plaintiff, and you are to decide whether or not the resistance, under the circumstances, was in excess of the right of self-defense."

And in the general charge, the Court said:

"Now, when one assaults a person that person, whether it is a police officer or an ordinary individual, has the right to repel that assault using, as I said in a special instruction, and which will be with you, no more force than necessary, and if he uses more force than necessary then he is responsible for the damages inflicted by the more force than was reasonable and proper under the circumstances."

The Court then told the jury that, in addition to the damage, there was but one issue of fact and that was: "Did the defendant unlawfully and maliciously assault the plaintiff?"

The right and duty of the defendant to use force, if necessary, to suppress an affray and make an arrest was not mentioned in the instructions.

The entire burden of proof was placed on the plaintiff.

(1)  It is thus seen that the case was submitted as an action for damages on account of an assault and battery, to which a plea of self-defense had been entered.  The defendant was limited to the use of no more force than was reasonably necessary to resist the plaintiff's assault.  If he used more, that would be excessive and render him liable in damages. At no point in the charge was the defendant's power and duty to aggressively assert his authority as a peace officer mentioned.  If he could safely withdraw and leave the disturber of the peace in possession of the field it was his duty to do so.  Was such a charge prejudicial to the rights of the defendant.  We think so.

The degree of force that an officer may use to effect an arrest is correctly stated in **3 O. Jur., 171,** as follows:

"The law not only clothes an officer under duty to make an arrest with power to accomplish his purpose, but it also protects him while in the exercise of his authority.  It is an officer's duty to overcome all resistance, and bring the party to be arrested under physical restraint, and the means he may use are coextensive with the duty, or, as sometimes expressed, commensurate with his purpose, but he must use no more force than is reasonably necessary for the purpose.  If an officer uses more force than is necessary to make an arrest and protect himself from injury, he is liable for assault and battery.  By the use of excessive force the officer becomes a trespasser, and is no more to be excused than if he had pursued the person for some unlawful purpose.

In **State v Sells, 30 Abs 355,** the Court, quoting from 6 C. J. S., 825, said at 357 and 358, that:

" 'A peace officer duly empowered is not liable for injuries inflicted by him in the use of reasonably necessary force to preserve the peace and maintain order, or to overcome resistance to his authority.  Thus an officer making an arrest is justified in using sufficient force to subdue the prisoner although not acting in self defense.' "

In 4 Am. Jur., 54, we find this statement:
"An officer attempting to make a lawful arrest for a misdemeanor is under no obligation to retreat or retire to avoid the necessity of using extreme measures to prevent receiving great bodily injury.  It is his duty to press forward for the accomplishment of his purpose."

Neither the special charge nor the general charge conformed to these statements of the degree of force permissible to peace officers.

(2) It will be noted that the Court placed the burden of proof upon the plaintiff. Self-defense, which was the subject of the special charge is an affirmative defense, the burden of proving which would rest upon the defendant. Likewise, any other defense of justification, such as, authority of law in making an arrest, is affirmative, upon which the defendant has the burden. In 4 Am. Jur., 194, it is said: "Matter in justification of an assault and battery must be pleaded in order to allow the defendant to introduce evidence thereon." And at 197: "If the defendant seeks to justify his acts, the burden is on him to make out such justification."

We find no other error in the record.

(3) We are of the opinion that the record presents an issue of fact as to whether the appellant was justified under the circumstances in using his mace and whether the manner of using it was within the limits of force reasonably necessary to restore peace and effect an arrest. The appellant is not, therefore, entitled to final judgment.

For error in giving the special charge and in the general charge, the judgment is reversed and the cause remanded for a new trial.

ROSS, P. J., and HILDEBRANT, J., concur.