**Nona M. AMBROSE, Administratrix of the Estate of Roy W. West, Jr., deceased, Plaintiff,**

**v.**

**Kenneth W. WHEATLEY et al., Defendants.**

**Civ. A. No. 3627.**

United States District Court, D. Delaware.

Feb. 12, 1971.

Sheldon N. Sandler and Jacob Kreshtool, of Bader, Dorsey & Kreshtool, and Samuel V. Abramo of Biggs & Battaglia, Wilmington, Del., for plaintiff.

William Prickett, of Prickett, Ward, Burt & Sanders, Wilmington, Del., for defendants.

## MEMORANDUM OPINION

LATCHUM, District Judge.

This action was brought under the Delaware Wrongful Death Statute, 10 Del.C. § 3704(b), and the Civil Rights Act of 1871, 42 U.S.C. § 1983,[1] to recover damages for the death of Roy W. West, Jr. ("West"), who was shot and killed by Trooper Kenneth W. Wheatley ("Wheatley") of the Delaware State Police.[2] Jurisdiction exists in this Court by virtue of 28 U.S.C. §§ 1331, 1332 and 1343.

A jury trial held on September 22, 1970 resulted in a verdict for the defendants.[3] The case is presently before this Court on the plaintiff's motion for a judgment notwithstanding the verdict, pursuant to Rule 50(b), F.R.Civ.P., or for a new trial pursuant to Rule 59(a).

---

1. By virtue of 42 U.S.C. § 1988, an action under 42 U.S.C. § 1983 utilizes the state wrongful death statute; it does not provide for any wrongful death action itself. Brazier v. Cherry, 293 F.2d 401, 407 (C.A.5, 1961), cert. den. 368 U.S. 921, 82 S.Ct. 243, 7 L.Ed.2d 136 (1961). However, § 1983 does allow the recovery of punitive damages, even though such damages are not recoverable under state law, because of a Federal common law right to recover punitive damages for a wilful tort done under color of official position. Barry v. Edmunds, 116 U.S. 550, 562, 6 S.Ct. 501, 26 L.Ed. 729 (1886). Thus the invocation of § 1983 only added a potential recovery of punitive damages to the plaintiff's claim.

2. This action was originally brought by Roy W. West, Sr. as Administrator of the Estate of Roy W. West, Jr. Upon the death of Mr. West before trial, Mrs. Nona M. Ambrose, the successor Administratrix, was substituted as the nominal plaintiff pursuant to Rule 25(a), F.R. Civ.P.

3. In addition to Trooper Wheatley, the Superintendent of the Delaware State Police and the Secretary of the Division of Highways and Transportation were also party defendants.

## A. *Plaintiff's Motion for Judgment N. O.V.*

In viewing the evidence in this case in the light most favorable to the defendants, the parties against whom the motion is directed, and giving the defendants the benefit of all inferences which the evidence fairly supports, Continental Ore Co. v. Union Carbide & Carbon Corp., 370 U.S. 690, 696, 82 S.Ct. 1404, 8 L.Ed.2d 777 (1962), the Court finds that the evidence reveals aspects from which inconsistent hypotheses might have reasonably been drawn and as to which the minds of reasonable men might have differed. If reasonable men might reach different conclusions from the evidence, a motion for judgment n. o.v. should be denied. Sternberg v. First National Bank of Camden, 280 F. 863, 864 (C.A. 3, 1922); Pressed Steel Car Co. v. Weisser, 180 F. 663 (C.A. 3, 1910). Compare also the reasons set forth in West v. Wheatley, 313 F.Supp. 656 (D.Del., 1970), an earlier opinion in this case denying cross-motions for summary judgment. The standards applicable for denying a motion for summary judgment are equally applicable to a motion for judgment n.o.v. Minton v. Southern Railway Co., 368 F.2d 719, 720 (C.A. 6, 1966).

Plaintiff's motion for judgment n.o.v. therefore will be denied.

## B. *Plaintiff's Motion For A New Trial*

In this case the defendants have admitted that Wheatley, while acting within the scope of his employment as a state police officer, shot and killed Roy W. West, Jr. while attempting to arrest West and prevent his escape. According to the defendants, the killing was justified by virtue of the Delaware Arrest Statute, 11 Del.C. § 1904, because (a) Wheatley had reasonable grounds to believe that West had committed a felony, viz. an assault with intent to murder, (b) there was no other apparently possible means of making the arrest or preventing the escape and (c) Wheatley used only such force as was necessary to effect the arrest or prevent the escape.[4]

The plaintiff made a last minute request that the Court instruct the jury that the defendants had to prove this defense of justification or privilege by a preponderance of the evidence. The Court refused to give the requested instruction [5] and gave no instruction respecting any burden of proof upon the defendants. In an early part of the charge an instruction was given with respect to the plaintiff's burden of proof, as follows:

> "In a civil action, such as this, the burden is on the plaintiff to prove every essential element of her claims by a preponderance of the evidence. If the proof should fail to establish any essential element of plaintiff's claims by a preponderance of the evidence, the jury must find for the defendants."

The plaintiff does not contend that the above-quoted portion of the charge was erroneous. Rather, the plaintiff argues that, since the jury was not instructed that the defendants had the burden of persuasion [6] in establish-

---

4. The parties conceded that Trooper Wheatley gave notice to West that he was a police officer attempting to make an arrest, as required by 11 Del.C. § 1904.

5. The charge requested read: "Plaintiff requests that the Court charge the jury that the defendants must prove by a preponderance of the evidence that they had reasonable ground to believe a felony had been committed, that at the time force was resorted to, there were no other apparently possible means of making the arrest or preventing escape, and that the defendants used only such force as was necessary and reasonable to effect the arrest or prevent escape."

6. "Burden of proof" is a term which describes two different concepts, (1) the burden of persuasion, which under the traditional view never shifts from one party to the other, at any stage of the proceedings, and (2) the burden of going forward with the evidence, which may shift back and forth between the parties as the trial progresses. The present case involves a question as to the burden of persuasion.

ing an affirmative defense under 11 Del.C. § 1904, i.e. the legal justification for the use of killing force to effect the arrest of or prevent the escape of a suspected felon, an erroneous inference was created in the jurors' minds that the plaintiff was required to prove by a preponderance of the evidence that Wheatley violated the arrest statute in one or more particulars.

The Delaware Wrongful Death Statute, 10 Del.C. § 3704(b) provides:[7]

> "(b) Whenever death is occasioned by unlawful violence or negligence, and no suit is brought by the party injured to recover damages during his or her life, the widow or widower of any such deceased person, or, if there is no widow or widower, the personal representatives, may maintain an action for or recover damages for the death and loss thus occasioned."

When the plaintiff submitted her requested instruction, the defendants vigorously contended that because the basic element of the cause of action was "unlawful violence", the plaintiff had the burden of persuasion as to the unlawfulness of the force used. The defendants argued that since "violence" is synonymous with "physical force", Alexander v. State, 40 Tex.Cr.R. 395, 50 S.W. 716, 717 (Tex.Cr.App.1899), and "unlawful" means "not justified or warranted by law", Surles v. Sweeney, 11 Or. 21, 4 P. 469, 470 (1884), the plaintiff was required to carry the burden of persuasion

that the physical force which resulted in death was not justified by law.

The Court accepted the defendants' argument during trial and rejected the plaintiff's instruction. However, upon further reflection, the Court has now concluded that it was error not to give the requested instruction or one substantially similar to it.

■ The Court does not believe that the word "unlawful" as used in the Wrongful Death Statute has any significance with respect to the burden of persuasion. It was not intended to establish an essential element of the cause of action which would require a plaintiff to negate all possible circumstances that might excuse a killing. The more sensible interpretation of "unlawful" is that its purpose is to allow a defendant to affirmatively assert facts in justification of an intentional killing. In that event, the burden of proving the justification would rest upon the defendant.

This conclusion is supported by Delaware Coach Co. v. Savage, 81 F.Supp. 293, 296 (D.Del.1948). There Judge Rodney, speaking about the allocation of the burden of persuasion between parties under Delaware law, stated: "The burden of proof rests upon the party asserting the affirmative of an issue * * *." See also Murphy v. T. B. O'Toole, Inc., 8 Terry 99, 87 A.2d 637, 638 (Del.Super.1952).

■ In the present case, the defendants admitted the killing but sought to

**7.** Delaware and Pennsylvania are unique in their use of the language "unlawful violence or negligence" to describe the cause of action. The Pennsylvania Wrongful Death Act, 12 P.S.Pa. § 1601, differs from the Delaware statute only in minor grammatical respects. The original language of Lord Campbell's Act "wrongful act, neglect, or default" or something similar is used by virtually all of the other states. Tiffany, Death By Wrongful Act (2d Ed. 1913) § 61. The reason for Delaware and Pennsylvania's uniqueness is not clear, nor does there appear to be any decision from either state setting forth explicitly the meaning of the words "unlawful violence" as used in this statute. It has been

held, however, that "unlawful violence" does not encompass an action for fraud, deceit or breach of an implied warranty. Gott v. Newark Motors, Inc., 267 A.2d 596, 599 (Del.Super.1970). The word "negligence" apparently imports into the Wrongful Death Statute all of the common law attributes of a negligence action for personal injuries, thus permitting defenses such as contributory negligence, interspousal immunity, and assumption of risk to be utilized. See Perry v. Philadelphia B. & W. R. Co., 1 Boyce 399, 77 A. 725 (Del.Super.1910); Saunders v. Hill, 202 A.2d 807 (Del.Super.1964); Reynolds v. Willis, 209 A.2d 760 (Del. Super.1965).

excuse it on the ground that it was occasioned by privileged conduct of a police officer acting within the authority of the Delaware Arrest Statute. This assertion of an affirmative issue, under Delaware law, cast the burden of persuasion as to the justification upon the defendants. McCormick, Law of Evidence (1954) pp. 673–674. The majority of jurisdictions which have considered the issue are in accord with this view. See Skinner v. Brooks, 74 Ohio App. 288, 58 N.E.2d 697, 698–699 (1944); Bourne v. Richardson, 133 Va. 441, 113 S.E. 898, 900 (1922); Pike v. Eubank, 197 Va. 692, 90 S.E.2d 821, 827 (1956); Klinkel v. Saddler, 211 Iowa 368, 233 N.W. 538, 539 (1930); Ware v. Garvey, 139 F. Supp. 71, 79 (D.Mass.1956); *contra* Grieger v. Vega, 153 Tex. 498, 271 S.W. 2d 85, 89 (1954); West v. Nantz' Adm'r., 267 Ky. 113, 101 S.W.2d 673, 678 (Ct.App.1937); Modesett v. Emmons, 292 S.W. 855, 856 (Tex.Comm. App.1927).

The rationale for this rule is stated in 9 Wigmore On Evidence (3rd ed. 1940) § 2486, pp. 275–276, as follows:

"Thus, in most actions of *tort* there are many possible justifying circumstances,—self-defence, leave and license, 'volenti non fit injuria' and the like; but it would be both unfair and contrary to experience to assume that one of them was probably present, and to require the plaintiff to disprove the existence of each one of them; so that the plaintiff is put to prove merely the nature of his harm, and the defendant's share in causing it; and the other circumstances, which would if they existed leave him without a claim, are put upon the defendant to prove."

■ The use of force against another for the purpose of effecting an arrest or preventing an escape is "privileged" if the conditions of the Delaware Arrest Statute are met. See 1 Restatement of Torts (1934) § 118. The term "privilege" is defined in the same volume of the Restatement, § 10, comment C:

"The [privilege created by law] must always be pleaded and proved by him who seeks thereby to destroy the seeming tortious character of his conduct and so protect himself from being subject to liability."

■ In this case the intentional shooting and killing of West was admitted. The defendants' claim that the killing was privileged, because Wheatley's actions were in conformity with the Delaware Arrest Statute, is an assertion of an affirmative issue which, under Delaware law, must be established by a preponderance of the evidence.

A person suing for an intentional killing is not bound to disprove the existence of all possible justifying circumstances, such as self defense, unavoidable accident, privileged force used in an arrest, etc. In proving a case of intentional killing, the plaintiff may incidentally bring out facts tending to support a justifying affirmative defense (as occurred in this case), and if this happens the defendant would be entitled to the benefit of such evidence. But the burden of persuasion to establish legal excuse for the intentional killing would be upon the defendant. There is no "presumption" that an intentional killing is justifiable. The justification must be proved by the party who asserts it.

Accordingly, I reluctantly conclude that the Court erred in refusing to give the plaintiff's requested instruction. Since this tended to create a false inference in the jurors' minds upon a material issue, a new trial will be granted.

An order granting a new trial will be entered.