OPINION.
Plaintiffs-appellants Kathy S. Thomas and her spouse, Steven Thomas, appeal from the trial court's order granting summary judgment in favor of the defendants-appellees, Franciscan Health System of the Ohio Valley, Inc. ("Franciscan"), Mercy Health Partners of Southwest Ohio ("MHP"), and Catholic Healthcare Partners ("CHP"), with regard to her medical claim for hospital negligence and his claim for loss of consortium. Their four assignments of error address two issues raised by the trial court's decision: (1) whether the Thomases' one-hundred-eighty-day letter extended the statute of limitations, and (2) whether denial of leave to file a second amended complaint naming additional parties pursuant to Civ.R. 15(C) was proper. Because genuine issues of material fact remain as to whether the one-hundred-eighty-day letter, received by Legal Services/Risk Management, Mercy Hospital, Mt. Airy Campus ("Risk Management"), was proper notice to Franciscan of the potential claims against the hospital, pursuant to R.C. 2305.11(B)(1), we reverse that part of the trial court's order granting summary judgment to Franciscan. We affirm, however, the trial court's order granting summary judgment in favor of MHP and CHP.
Counsel for the Thomases addressed a one-hundred-eighty-day letter to "Ms. Kim Looney, Esq., Legal Services/Risk Management, Mercy Franciscan Hospital, Mt. Airy Campus, 2446 Kipling Avenue, Cincinnati, Ohio 45239." It stated that, pursuant to R.C. 2305.11(B)(1), Kathy S. Thomas "is presently considering bringing an action against Franciscan Hospital(Western Hills Campus) relating to medical claims arising from the medical care and treatment rendered to [her] by and through its agents, servants and employees, in January and February, 1999." (Emphasis added.) The Thomases served the letter on Risk Management by certified mail, hand delivery, and facsimile on December 28, 1999.
On June 19, 2000, the Thomases filed a complaint naming as defendants Robert D. Cranley, M.D., Cranley Surgical Associates, Inc., Elie J. Zayyat, M.D., Trihealth, Inc., The Good Samaritan Hospital of Cincinnati, Ohio, Mark E. Jonas M.D., Greater Cincinnati Gastroenterology Associates, Franciscan Health System (sic) of the Ohio Valley, Inc., and Mercy Health Partners.[1] They alleged in paragraph 6 that Franciscan is a corporation which "has held itself out as a duly qualified and operating hospital facility." Their claim against Franciscan is set out in count VII and alleges that on January 5, 1999, while a patient, [Kathy Thomas] suffered peritonitis and adult respiratory syndrome because "Franciscan and/or Mercy failed to properly maintain surgical equipment necessary to perform a sphyncteratomy."
The caption of the complaint instructed that service of process was to be made on Franciscan by serving Prentice Hall Corporation Systems and on MHP by serving CHP. On July 7, 2000, the Thomases filed an amended complaint substituting MHP for Mercy Health Partners and naming CHP as a party defendant.
Subsequently, Franciscan, MHP, and CHP jointly moved to dismiss the Thomases' claims as being barred by the statute of limitations. See R.C.2305.11. On September 14, 2000, three months after filing their original complaint, the Thomases
requested leave to file a second amended complaint to add "Franciscan Hospital Western Hills Campus" as a party defendant. Franciscan, MHP, and CHP responded by filing a joint motion for summary judgment with the affidavits of Clifford A. Roe, Esq., and Julie L. Seitz, Esq., attached. The trial court denied the motion to amend and granted summary judgment in favor of the three defendants.
Because summary judgment presents only questions of law, an appellate court independently reviews the entry of summary judgment de novo. SeePolen v. Baker (2001), 92 Ohio St.3d 563, 564-565, 752 N.E.2d 258, 260. To prevail on its motion for summary judgment, the moving party "must identify those portions of the record that demonstrate an absence of a genuine issue of material fact." Dresher v. Burt (1996), 75 Ohio St.3d 280,293, 662 N.E.2d 264, 274; see, also, Civ.R. 56(C).
To uphold the entry of summary judgment under Civ.R. 56(C), a reviewing court must determine only that "(1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion when viewing the evidence in favor of the nonmoving party, and that conclusion is adverse to the nonmoving party." Grafton v.Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241, 245, citing State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn. (1994), 69 Ohio St.3d 217, 219, 631 N.E.2d 150, 152.
Generally, a medical claim for hospital negligence must be filed within one year after the cause of action accrues. See R.C. 2305.11(B)(1). But, this section provides an exception affording an injured party an additional one hundred eighty days from the time "written notice" of the intent to sue is received by potential defendants, if notice is given before the expiration of the one-year statute of limitations. SeeMarshall v. Ortega (2000), 87 Ohio St.3d 522, 721 N.E.2d 1033, syllabus. Notice is to be given "to the person who is the subject of that claim." R.C. 2305.11(B)(1)
The exception to the statute of limitations in R.C. 2305.11(B)(1) must be strictly construed to effectuate the public policy against stale claims. See Marshall v. Ortega, 87 Ohio St.3d at 526-527,721 N.E.2d at 1037 (Cook, J., dissenting). It is undisputed that in January 1999 Thomas was a patient at Franciscan Hospital Western Hills Campus. It is also undisputed that Franciscan was neither named in the Thomases' one-hundred-eighty-day letter nor served with a copy of the letter. Although it was named in the body of the one-hundred-eighty-day letter, the record is silent as to whether the hospital received the letter from Risk Management. Therefore, the critical issue is whether receipt of the Thomases' one-hundred-eighty-day letter and the potential claim against the hospital by Risk Management was also notice to Franciscan or to the hospital.
The Thomases argue that the trial court abused its discretion in refusing to grant leave to name new party defendants pursuant to Civ.R. 15(C). An amendment changing the party against whom a claim is asserted relates back to the original complaint, under Civ.R. 15(C), if the party has received notice of the institution of the action, its defense on the merits is not prejudiced, and the party knows or should have known that, but for the mistake concerning the identity of the proper party, the action would have been brought against it. The purpose of Civ.R. 15(C) is to preserve actions that, through mistaken identity or misnomer, have been filed against the wrong person. See Littleton v. Good SamaritanHosp. Health Ctr. (1988), 39 Ohio St.3d 86, 101, 529 N.E.2d 449, 461; see, also, Kraly v. Vannewkirk (1994), 69 Ohio St.3d 627, 635 N.E.2d 323, paragraph one of the syllabus; Lenhof v. New York Life Ins. Co. (Apr. 23, 1997), Hamilton App. No. C-950957, unreported.
Because of the issue of notice to Franciscan, the doctrine of relation back is only a consideration if the Thomases' one-hundred-eight-day letter triggered the extension in the exception under R.C. 2305.11(B)(1). Franciscan correctly contends that Civ.R. 15(C) is a rule of procedure having no application to the one-hundred-eighty-day letter provided for in R.C. 2305.11(B)(1). Franciscan's position is that because it is an entity separate from the hospital, the Thomases' failure to name it or the hospital was fatal and did not trigger the one-hundred-eighty-day exception in R.C. 2305.11(B)(1). The trial court agreed. Relying onMusser v. Q.H.G. of Ohio, Inc. (July 14, 1994), Franklin App. No. 94 APE01-62, unreported, the court ruled that R.C. 2305.11(B)(1) required actual notice to the hospital by the one-hundred-eighty-day letter. The court concluded that "[s]ince `Franciscan Health System of the Ohio Valley' was not in any form in the 180-day notice, it could not have received actual notice."
Under the trial court's construction of R.C. 2305.11(B)(1), giving notice by a one-hundred-eighty-day letter to a hospital without also naming the parent healthcare corporation arguably does not extend the statute of limitations. But the trial court did not take into account R.C. 2305.11(C)(1), which states, "Hospital * * * includes any person, corporation, association, board or authority that is responsible for operation of any hospital * * *." This definition contemplates that notice received by a managing healthcare corporation may serve as notice to the hospital. Therefore, in light of R.C. 2305.11(C)(1), to determine if notice was received by Franciscan in this case, it is first necessary to determine if (1) Franciscan owned or controlled Franciscan Hospital Western Hills Campus on January 5, 1999, and (2) if so, whether Risk Management had authority to receive notice on behalf of Franciscan or the hospital.
The trial court's decision acknowledges, "There is no evidence that defendant Franciscan Health System of The Ohio Valley received the 180-day notice directly or by being referenced in the notice to `Ms Kim Looney, Esq., Legal Services/Risk Management, Mercy Franciscan Hospital, Mt. Airy Campus.'" But because the statute of limitations is an affirmative defense under Civ.R. 8(C), the burden of proving that it did not receive notice was on Franciscan and the hospital, not on the Thomases. See Skinner v. Brooks (1944), 74 Ohio App. 288, 292,58 N.E.2d 697, 698. As the trial court noted, the record is silent concerning the relationship, if any, of Risk Management to Franciscan or to Franciscan Hospital Western Hills Campus. Accordingly, for purposes of summary judgment under Civ.R. 56(C), Franciscan did not satisfy its burden under Dresher by identifying those parts of the record that negated a relationship with Risk Management.
Franciscan argues that the Thomases were aware of the difference between Franciscan and the hospitals because their counsel had filed an action on November 18, 1998, captioned Estate of Judith Heglin, Deceasedv. Franciscan Health System of the Ohio Valley, Inc. (Formerly ProvidenceHospital), Hamilton C.P. No. A-9806587. In its unverified answer, attached to Seitz's affidavit, Franciscan stated that the correct designation for the former Providence Hospital was Franciscan Hospital Mt. Airy Campus. From these exhibits and without some meaningful explanation, we fail to appreciate why former Providence Hospital resolved issues of operation involving Franciscan Hospital Western Hills Campus, formerly St. Francis-St. George Hospital, and the trial court made no reference to these exhibits in its decision.[2] The record contains no evidentiary material to negate the Thomases' allegation that Franciscan operated a hospital where Kathy Thomas had received negligent care.
Healthcare corporations present complexities in the identification of the responsible party, particularly in cases where an emergency room purports to operate independently within the confines of a hospital. The supreme court has observed, "As an industry, hospitals spend enormous amounts of money advertising in an effort to compete with each other for the health care dollar, thereby inducing the public to rely on them in their time of medical need." Clark v. Southview Hosp. Family HealthCtr. (1994), 68 Ohio St.3d 435, 444, 628 N.E.2d 46, 53. The reality, at least as to emergency room services, is that the public simply is not aware of or concerned with "the technical complexities and nuances" surrounding contractual and employment arrangements. Id. at 444,628 N.E.2d at 53. Changes in management or ownership of hospitals by different healthcare corporations, as well as the corresponding name changes, exacerbate the difficulty in determining the identity of responsible parties.
The record is silent concerning whether Risk Management was authorized by Franciscan or Franciscan Hospital Western Hills Campus to receive notice on its behalf. Therefore, a genuine issue of material fact exists as to whether receipt of the one-hundred-eighty-day letter by Legal Services/Risk Management, Mercy Franciscan Hospital, and Mt. Airy Campus was notice to Franciscan or to the hospital.
We hold, however, that the trial court correctly granted summary judgment in favor of MHP and CHP. Although the Thomases argued that further discovery was needed to determine the relationship of the various parties to the hospital, the trial court observed that they "have not filed any motions to compel discovery in this matter, nor have they complied with Civ.R. 56(F) * * *." A party that cannot respond to a motion for summary judgment because of inadequate discovery must, in compliance with Civ.R. 56(F), file an affidavit delineating its reasons. See Solid Waste v. Clarkco Landfill (1996), 109 Ohio App.3d 19, 36,671 N.E.2d 1034, 1045. Failure to seek such relief does not preserve the party's challenge to the adequacy of discovery on appeal. See id.; see, also, R R Plastics, Inc. v. F. E. Myers Co. (1993), 92 Ohio App.3d 789,798, 637 N.E.2d 332, 338-339; Stegawski v. Cleveland Anesthesia Group,Inc. (1987), 37 Ohio App.3d 78, 87, 523 N.E.2d 902, 911. The unrebutted affidavit of Richard Roe in the record states that only the assets and not the liabilities of Franciscan Health Systems were purchased by MHP and CHP.
A corporation that purchases the assets of another corporation is not liable for injury caused by its predecessor corporation unless (1) the buyer expressly or impliedly agrees to assume such liability; (2) the transaction amounts to a de facto merger or consolidation; (3) the buyer corporation is merely a continuation of the seller corporation; or (4) the transaction is a fraudulent attempt to escape liability. See Flaugherv. Cone Automatic Mach. Co. (1987), 30 Ohio St.3d 60, 507 N.E.2d 331, syllabus. The Thomases did not present any fact to the trial court that would have created an inference or suggested the existence of a genuine issue of material fact regarding any of the four exceptions for successor liability. Accordingly, the affidavit of Roe shifted the burden to respond to the Thomases. See Dresher v. Burt. As purchasers only of Franciscan's assets, MHP and CHP were entitled to judgment as a matter of law.
Therefore, the Thomases' second and third assignments of error, which contest the entry of summary judgment by the trial court, are sustained in part as they relate to the claims against Franciscan. Our resolution of the second and third assignments of error obviates the need to address the first assignment. See App.R. 12(A)(1)(C). Their fourth assignment of error, contesting the entry of judgment for CHP and MHP, is overruled.
The summary judgment of the trial court entered in favor of Franciscan is hereby reversed, and this cause is remanded for further proceedings only on the claims asserted against Franciscan. In all other regards, the trial court's judgment is affirmed.
Sundermann and Winkler, JJ., concur.
[1] Except for the claims against Franciscan, MHP, and CHP, all other claims by the Thomases have been terminated by judgment entry.
[2] Between 1994 and 1999, Franciscan Hospital Western Hills Campus identified itself variously as St. Francis-St. George Hospital, Franciscan Hospital Western Hills Campus, and Franciscan Health System of Cincinnati, Inc. See Wise v. Qualified Emergency Specialists, Inc. (Dec. 17, 1999), Hamilton App. No. C-980802, unreported.