[Cite as *Huskins v. Huskins*, 2011-Ohio-1008.]

STATE OF OHIO, COLUMBIANA COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| ROGER HUSKINS, | ) | |
| | ) | CASE NO.    10 CO 22 |
| PLAINTIFF-APPELLANT, | ) | |
| | ) | |
| - VS - | ) | O P I N I O N |
| | ) | |
| JOSHUA HUSKINS, | ) | |
| | ) | |
| DEFENDANT-APPELLEE. | ) | |

CHARACTER OF PROCEEDINGS:          Civil Appeal from Common Pleas Court,
                                                          Case No. 08CV1104.

JUDGMENT:                                         Affirmed.

APPEARANCES:
For Plaintiff-Appellant:                        Attorney Jeffrey Jakmides
                                                          325 East Main Street
                                                          Alliance, Ohio  44601

For Defendant-Appellee:                     Attorney Charles Amato
                                                          Attorney Lynsey Lyle-Opalenik
                                                          991 Main Street
                                                          Wellsville, Ohio  43968

JUDGES:
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

Dated:  February 28, 2011

VUKOVICH, J.

¶{1}     Plaintiff-appellant Roger Huskins appeals the decision of the Columbiana County Common Pleas Court, which rendered judgment in favor of defendant-appellee Joshua Huskins on appellant's assault and false arrest complaint.  Appellant states that appellee waived his right to assert the affirmative defense of self-defense by not specifically pleading it in his answer.  Appellant argues that appellee never disputed the elements of the false arrest claim.  He then urges that the judgment was contrary to the manifest weight of the evidence.  For the following reasons, appellant's arguments are overruled and the judgment of the trial court is affirmed.

STATEMENT OF THE CASE

¶{2}     Appellant, Roger Huskins, filed a civil complaint against his son, Joshua Huskins, setting forth assault and false arrest as his causes of action.  Roger's wife, Christina Huskins, was also named as a plaintiff.  Two Columbiana County Sheriff's deputies were named as additional defendants in the false arrest cause of action.  However, summary judgment was granted in their favor, and that decision is not before us at this time.

¶{3}     The remainder of the case was tried to the bench.  Joshua testified that he and his father argued over the telephone about money for college.  (Tr. 7).  His father invited him over to further discuss it.  They sat at the kitchen table and began arguing again.  They stood up and began yelling at each other face to face, something they had done in the past.  (Tr. 76).  Joshua stated that his father then began repeatedly pushing him backward out of the kitchen and into another room.  He testified that each push got harder and harder and that he was about to fall backward. (Tr. 8-9, 76).  Joshua said that he had no opportunity to run or retreat and he believed that he was about to be injured.  (Tr. 10-11, 83).

¶{4}     As he was falling backward, Joshua states that he hit his father near the eye.  (Tr. 8-9, 76).  Because his father was wearing glasses, this caused damage to his face.  Joshua insisted that he initiated this contact in self-defense.  (Tr. 10, 14, 23). Joshua then curled up on the couch as his father punched him repeatedly in the back of the head and dragged him by the hood across the floor toward the door.  (Tr. 14). Joshua filed a police report, and Roger was arrested.  The charges were later dropped with Joshua's consent.

¶{5} Christina testified that she walked into the room just as Joshua hit Roger. She stated that Joshua was standing on two feet and did not appear to be falling backward at the time. (Tr. 21). She did say that he walked backward after he struck his father. (Tr. 33).

¶{6} Roger testified that Joshua was asking for his Christmas money early and criticizing him about his wife controlling him. (Tr. 40). Roger stated that Joshua pointed his finger near his face so he told him to get out of his face. After an unsuccessful request, Roger said that he pushed Joshua one time at which point Joshua hit him. (Tr. 41). He acknowledged that he did not ask Joshua to leave until after Joshua hit him. (Tr. 54). He also admitted that Joshua did not touch him before he pushed Joshua. (Tr. 58). He disclosed that he hit Joshua eight to ten times after Joshua hit him and he dragged Joshua to the door. (Tr. 59).

¶{7} The two officers then testified that they charged Roger with criminal assault because he initiated the first contact and because Joshua was welcome at the house prior to that first contact. They opined that Joshua's one punch constituted self-defense from the escalating pushing by Roger.

¶{8} In its June 18, 2010 judgment entry, the trial court found in favor of Joshua. The court defined assault and defined battery and opined that the allegations fell under a battery rather than an assault. The court concluded that Joshua's act of striking his father was provoked by the father's unconsented physical contact by way of his continual pushing, that such provocation justified Joshua's response, and that the force used by the son was reasonable in response to the circumstances. Roger filed timely notice of appeal.

ASSIGNMENT OF ERROR NUMBER ONE

¶{9} Appellant sets forth three assignments of error, the first of which provides:

¶{10} "THE TRIAL COURT ERRED IN FAILING TO APPLY CIVIL RULES 12 DEFENSES AND 13 COUNTERCLAIMS TO THESE PROCEEDINGS."

¶{11} In his answer, Joshua raised failure to state a claim upon which relief may be granted and purportedly reserved the right to bring additional defenses. He did not specifically set forth the affirmative defense of self-defense. Still, the answer did deny that he assaulted his father and stated that it was his father who assaulted

him. In opening statements, defense counsel stated that Joshua acted out of fear and self-defense and that he was not the primary aggressor.

¶{12} The plaintiffs called Joshua to the stand in their case-in-chief. After Joshua stated many times that he had been defending himself when he hit his father, plaintiffs' counsel asked that testimony on self-defense be stricken because it was not preserved as an affirmative defense. Counsel stated that the court could reserve judgment on the topic, which the court did. (Tr. 12). Counsel then asked Joshua why his answer did not assert self-defense. An off-the-record discussion was then held. (Tr. 14).

¶{13} After the presentation of all the testimony, plaintiffs' counsel reiterated that the answer failed to plead self-defense. Defense counsel responded by stating that they agreed at the telephone conference, where defense counsel was present in the courtroom and plaintiffs' counsel was at his office, that the defense would not object to the introduction of medical records and plaintiffs would not object to the presentation of self-defense. (Tr. 119). Plaintiffs' counsel did not refute this claim. The record confirms that plaintiffs' counsel had requested that the May 3, 2010 status conference be held telephonically.

¶{14} Civ.R. 8(C) provides that "[i]n pleading to a preceding pleading, a party shall set forth affirmatively [list of examples] and any other matter constituting an avoidance or affirmative defense." Self-defense to civil assault or civil battery is an affirmative defense of justification. See, e.g., *Skinner v. Brooks* (1944), 74 Ohio App. 288, 292 (1st Dist.). See, also, *State v. Poole* (1973), 33 Ohio St.2d 18, 19 (self-defense is a "justification defense" which functions as an excuse for an otherwise wrongful act). "Matter in justification of an assault and battery must be pleaded in order to allow the defendant to introduce evidence thereon." *Brooks*, 74 Ohio App. at 292, quoting Am. Jur., 194, §143. See, also, *Snowden v. Hastings Mut. Ins. Co.*, 177 Ohio App.3d 209, 2008-Ohio-1540, fn.1 (7th Dist.).

¶{15} With the exception of the special defenses listed in Civ.R. 12(B), affirmative defenses are waived if not raised in the pleadings or in an amendment to the pleadings. *Jim's Steak House, Inc. v. Cleveland* (1998), 81 Ohio St.3d 18, 20. See, also, Civ.R. 12(B) (defenses shall be set forth in responsive pleadings). However, a party may amend his pleading with written consent of the other party or by leave of court which shall be granted when justice so requires. Civ.R. 15(A).

¶{16} "If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits." Civ.R. 15(B).

¶{17} Here, the parties recognized that an unpleaded issue entered the trial. The issue was fully discussed in the police reports, plaintiffs had a full opportunity to address the issue. In fact, they did so by subjecting defendant to extensive cross-examination on the issue. See *State ex rel. Evans v. Bainbridge Twp. Trustees* (1983), 5 Ohio St.3d 41, 45-46 (setting forth factors to consider for implied amendment of pleadings). Although there was no written consent for amendment, there was a claim that oral consent was given at a status conference before the court. The trial court could use this as a factor in making a decision that amendment of the pleadings should be allowed in the interests of justice under Civ.R. 15(A). This is especially true where the answer specifically stated that Roger assaulted Joshua. As such, the trial court did not abuse its discretion in allowing Joshua to proceed under a theory of self-defense to justify his act of hitting his father.

¶{18} Within his argument here, Roger also sets forth a contention that the court improperly sua sponte amended his complaint from assault to battery in order to allow Joshua to use self-defense and that the court also added the defense of justification. First, justification is merely the type of defense under which self-defense falls. See *Poole*, 33 Ohio St.2d at 19 (self-defense is a "justification defense" which functions as an excuse for an otherwise wrongful act). Second, self-defense is an affirmative defense to both assault and to battery. See, e.g., *Niskanen v. Giant Eagle, Inc.*, 122 Ohio St.3d 486, 2009-Ohio-3626, ¶201-21; *Goldfuss v. Davidson* (1997), 79 Ohio St.3d 116, 124. See, also, *Snowden*, 177 Ohio App.3d 209 at fn.1 (where we stated that self-defense is affirmative defense in an intentional tort action).

¶{19} The point of this discussion in the trial court's judgment entry was to show that assault and battery are different civil concepts and that it appeared that Roger was actually claiming battery rather than assault. As the court stated, assault is the intentional threat or attempt to harm or offensively touch another without consent that reasonably places the other in fear of such contact. See O.J.I. 429.01. On the

other hand, battery is the intentional, unconsented contact with another. See *Barrette v. Lopez* (1999), 132 Ohio App.3d 406, 411 (7th Dist.); O.J.I. 429.03. The court was merely pointing out that Roger did not claim that Joshua put him in fear of an offensive touching when he was yelling and that since Joshua's next act resulted in contact, the actual claim would have been for battery as opposed to assault.

¶{20} Finally, Roger's mention of the failure to apply Civ.R. 13 is unwarranted. This rule deals with counterclaims. However, Joshua did not seek to recover from his father, and the court did not provide any recovery to Joshua. Thus, there was no need to apply Civ.R. 13. This assignment of error is overruled.

ASSIGNMENT OF ERROR NUMBER TWO

¶{21} Appellant's second assignment of error claims:

¶{22} "THE TRIAL COURT ERRED IN NOT ENTERING JUDGMENT FOR THIS PLAINTIFF ON THE FALSE ARREST CLAIMS."

¶{23} Roger claims that judgment should have been rendered in his favor on the false arrest claim because Joshua did not specifically allege or testify that there was probable cause to charge his father with assault.

¶{24} Initially, we note that Joshua set forth the testimony of the two involved police officers, who opined that there was probable cause to arrest Roger. In any event, a lack of probable cause to arrest does not per se render a complainant civilly liable for the tort of false arrest. See *Rogers v. Barbera* (1960), 170 Ohio St. 241, 244 (stating that lack of probable cause is not a test for false arrest but deals with the tort of malicious prosecution). Rather, the existence of probable cause is merely one argument made in defending against a false arrest claim, usually employed by the arresting officer. See, e.g., *Koss v. Kroger*, 10th Dist. No. 07AP-450, 2008-Ohio-2696, ¶23; *Hinkle v. Columbus*, 10th Dist. No. 04AP-1195, 2006-Ohio-1522, ¶20; *Harvey v. Horn* (1986), 33 Ohio App.3d 24, 27. Thus, a citizen being sued civilly for false arrest need not specifically state that there was probable cause to file a police report in order to avoid a judgment against him.

¶{25} Rather, the fact-finder can determine from the testimony regarding the event whether the defendant falsely caused another to be arrested. That is, it is for the finder of fact to determine whether the contents of the report are true. Joshua testified to the events as set forth in his police report. There is nothing requiring a fact-finder to rule that Joshua engendered a false arrest. Consequently, the court did not

error in refusing to enter judgment for Roger on the false arrest claim. Additional issues concerning the weight of the evidence and credibility are further discussed infra where raised.

ASSIGNMENT OF ERROR NUMBER THREE

¶{26} Appellant's final assignment of error alleges:

¶{27} "THE TRIAL COURT DECISION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

¶{28} Appellate review of the manifest weight of the evidence in a civil case is much more deferential to the trial court than in a criminal case. *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, ¶26. The civil manifest weight of the evidence standard provides that judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence. Id. at ¶24, citing *C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279. The reviewing court is obliged to presume that the findings of the trier of fact are correct. Id., citing *Seasons Coal Co., Inc. v. Cleveland* (1984), 10 Ohio St.3d 77, 80-81. This presumption arises in part because the fact-finder occupies the best position to watch the witnesses and observe their demeanor, gestures, eye movements, and voice inflections and to utilize these observations in weighing credibility. Id. The *Wilson* Court concluded:

¶{29} "A reviewing court should not reverse a decision simply because it holds a different opinion concerning the credibility of the witnesses and evidence submitted before the trial court. A finding of an error in law is a legitimate ground for reversal, but a difference of opinion on credibility of witnesses and evidence is not." Id.

¶{30} As aforementioned, self-defense is an affirmative defense, and thus, the burden of proof by a preponderance of the evidence rests with the defendant. *Goldfuss*, 79 Ohio St.3d at 124. The elements where non-deadly self-defense is used are as follows: (1) the defendant was not at fault in creating the situation giving rise to the affray; (2) the defendant (even if mistaken) had a bona fide belief (which means a belief that was both objectively reasonable and subjectively honest) that he was in imminent danger of any bodily harm; and (3) the defendant used only reasonable force under the circumstances. *City of Struthers v. Williams*, 7th Dist. No. 07MA55, 2008-Ohio-6637, ¶15-17. Unlike deadly force cases, there is no duty to retreat before using non-deadly force in self-defense. Id. at ¶16.

¶{31} Here, Roger admitted that he made contact with Joshua before Joshua touched him, and Roger did not testify that he was in fear of impending contact from Joshua. Joshua testified that he and his father were mutually yelling at each other, and he denied that he pointed his finger towards Roger's face. Moreover, Joshua testified that Roger pushed him backward multiple times, progressively harder each time. This court cannot substitute its judgment on whether Roger pushed Joshua backwards multiple times and thus whether Joshua acted in self-defense.

¶{32} That is, the trial court could rationally find that Joshua was not at fault in creating the physical situation, that Joshua had a subjectively honest and objectively reasonable belief that he was about to be injured by the backward pushing, and the force he used was not disproportionate under the circumstances. The trial court could also rationally find that Joshua's statements to the police were true and that he did not precipitate a false arrest. As there was some competent, credible evidence to support a judgment in favor Joshua, this assignment of error is overruled.

¶{33} For the foregoing reasons, the judgment of the trial court is hereby affirmed.

Waite, P.J., concurs.
DeGenaro, J., concurs.